STATE OF NEBRASKA, APPELLEE, V. VINCENT GARZA,
APPELLANT.
214 N. W. 2d 30

Filed January 11, 1974. No. 39127.

William J. Riedmann, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

After a full evidentiary hearing, the District Court denied the defendant post conviction relief on the asserted grounds of incompetency of counsel and improper venue of the original trial. We affirm the judgment of the District Court.

The defendant was jury convicted and sentenced for the crime of forcible rape on a 17-year-old girl. The transcript of the record of the original trial is before us in this post conviction action. We have reviewed it. The evidence is ample to sustain the conviction. Briefly, the prosecutrix, accompanied by her boy friend's older brother, was on her way home after attending a party in her girl friend's residence. A short distance

from her home, the defendant with his brother Steve and Louis Godoy stopped in their car and persuaded the prosecutrix and the older brother to accompany them on a ride. They drove to a park. All except the defendant and the prosecutrix left the car. Encountering resistance to his advances, the defendant, by a series of threats and by a continuous course of brutal beatings and chokings, took the prosecutrix some distance from the car, and forced her to disrobe and have intercourse with him. A medical examination the next morning fully corroborated this direct evidence. It revealed extensive bruises in the area of the neck and throat and other portions of the body including the left leg and thigh, all of which were testified to by the prosecutrix in connection with the choking and the forcible conduct of the defendant. It also revealed injury in the genital area and a laceration of the prosecutrix' hymen.

The contention of the defendant is the failure of his trial counsel to call the defendant's brother, Steve Garza, and Louis Godoy as witnesses in his behalf. Godoy testified at the post conviction hearing. He told the defendant's counsel what he could testify to; that he was in the car at the time they had stopped; that he was in the vicinity when the rape was supposed to have taken place; that he had gotten out of the car to go to the bathroom; that the defendant and the prosecutrix were in the car alone; and when asked if he told the defendant's trial counsel that the rape did not happen, he answered that he told him that he did not know. The defendant's trial counsel, after this conversation with Godoy, informed him that he would be of no help. Even viewing this witness' testimony from hindsight, we fail to see any error, much less ineffective assistance of counsel, in the final judgment of the trial counsel in not using Godoy. It is apparent that the possible danger of Godoy's cross-examination corrobora-

ting the condition and other details of the prosecutrix' story, was a very real pitfall which in turn might have subjected the trial counsel to the accusation of ineptness.

As to the failure of the defendant's counsel to call Steve Garza, the defendant's brother, as a witness, counsel testified that he located the brother in Chicago and he refused to come back for the trial. Steve did testify at the post conviction hearing and stated that shortly after the date of the rape he and his family left for Illinois, but no one knew he was in Illinois; and by his own testimony he was unavailable and could not be discovered at the time of the trial. Moreover, there is no evidence in the record that he was possessed with any evidence or testimony that would be helpful to the defendant's case. He was in the same position as Godoy. There is no merit to these contentions.

The defendant now contends that his trial counsel was inadequate because he failed to object to certain remarks made by the prosecutor in his closing argument. There is no record of exactly what the remarks were. Even assuming that the defendant's own testimony in this respect is to be believed, there was no repetition or elaboration of the offending remarks that is persuasive of any prejudice. But more importantly, trial counsel testified that he did not object to the remarks because he did not want to emphasize them or highlight them at that point in the trial. It is a familiar truism of trial counsel strategy that an objection and a request for an admonition or an instruction from the court will only serve to emphasize and give importance to an otherwise harmless statement. We find no merit to this contention.

We have revewed the record. It reveals an alert and effective cross-examination of the State's witnesses by defense counsel. Discrepancies and inconsistencies in the prosecutrix' testimony, including variance with her preliminary testimony, were explored and revealed. Ob-

jections to hearsay, leading, and narrative evidence, many times successful, were alertly interposed by counsel. His cross-examination of the medical witness' very damaging testimony was searching and competent.

The record in this case reveals, even from hindsight, no incompetency of counsel, much less the standard that it was so inept as to shock the conscience of the court. See State v. Putnam, 182 Neb. 185, 153 N. W. 2d 456.

The contention of improper venue and that the trial court lacked jurisdiction to try the case is quickly disposed of. The trip on which the incident occurred originated in Douglas County and there is some testimony that the actual rape occurred in Sarpy County. Our statute, section 29-1301.01, R. R. S. 1943, permits the trial to proceed in the county where the offense is committed or in any county into or out of which the person upon whom the offense was committed may, in the prosecution of the offense, have been brought, or in which an act is done by the accused in instigating, procuring, promoting, or aiding in the commission of the offense. There is no merit to this contention.

The judgment of the District Court denying post conviction relief is correct and is affirmed.

AFFIRMED.

CLINTON, J., not participating.