Commonwealth *v.* Howard, Appellant.

Commonwealth *v.* Banks, Appellant.

Submitted June 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Stewart A. Bernstein,* and *Kanter, Bernstein & Miller,* for appellant, at No. 363.

*Barbara Bailey* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant, at No. 459.

*David Richman, James J. Wilson, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee, at Nos. 363 and 459.

OPINION BY VAN DER VOORT, J., March 31, 1975:

Appeal is taken to this Court by each of the above defendants, who were tried in a single jury trial on October 22 and 23, 1973, before Judge Samuel ROSENBERG. Howard was found guilty of Aggravated Robbery, Aggravated Assault and Battery, and Playfully and Wantonly Pointing a Firearm. Banks was found guilty of Assault and Battery. Sentences were imposed on December 17, 1973, following which both defendants filed timely motions for new trial and in arrest of judgment. These were denied. Both Appellants have taken these direct appeals which are filed at different numbers, but which have been consolidated for our consideration.

The factual situation is quite simple. One Morris McCants testified that on December 17, 1971, he happened upon Banks, whom he knew, at a bar in Philadelphia. After exchanging a few words with Banks, McCants departed and was standing near his automobile when Banks approached with a group of men, one of whom was defendant Howard. McCants related that Howard rifled his (McCants') pockets, took money, then shot him in the stomach.

*The Appeal of Howard*

Appellant's first two arguments relate an allegation of ineffective counsel because (1) his trial attorney did not inquire into and/or request a continuance for a medical expert's review of the mental condition of the Commonwealth's witness McCants, once a patient in a state mental facility, and (2) his trial attorney erred by stipulating to and allowing the judge to charge the jury on McCants' psychiatric disorder by reading a medical dictionary's definition of said disorder, viz., "schizophrenia, paranoid type in remission".

An allegation of ineffective counsel generally is best decided by an evidentiary hearing pursuant to the Post Conviction Hearing Act.[1] *Commonwealth v. Benjamin,* 219 Pa. Superior Ct. 344, 345, n. 1, 280 A.2d 625, 626, n. 1 (1971) :

"Ordinarily, in the absence of clear and irrefutable on the record proof that counsel was ineffective, we will not decide an ineffective assistance of counsel claim on direct appeal. Rather, we will wait until an evidentiary hearing has given the Commonwealth an opportunity to show that the representation was effective under the standards enunciated in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967)."

For us to comply with this principle, we must examine the trial record carefully. We have done so and find, in Appellant's counsel's cross-examination of McCants as to his mental commitment and mental state, no clear indication that counsel's representation was less than the *Maroney, supra,* standard.

Appellant's second argument is that he was denied his Sixth Amendment right to a speedy trial by virtue of the fact that two years, eighteen continuances and three mis-

---

1. Act of 1966, January 25, P. L. (1965) 1580, §3 (19 P.S. §1180-3).

trials ensued before Appellant stood trial on October 22 and 23, 1973. As the record shows, this argument was not raised timely in Appellant's motion for new trial.[2] If a party does not raise exception or objection to an issue in the trial of a case, and thereby allow the trial court to address itself to the problem and to cure possible error during the conduct of the trial, that party may not raise such objection initially on appeal. This policy is fair to the party's adversary, and is in line with the function of an appellate court, not as a court of first impression, but as one to apply law to facts properly set before it by advocates of opposing positions. *Commonwealth v. Agie,* 449 Pa. 187, 296 A.2d 741 (1972).

We are therefore constrained to hold, for these reasons, that Appellant is not entitled to raise it now on appeal. Whether this waiver may be overridden by an argument that one may not waive such "basic and fundamental error" as an alleged violation of a Sixth Amendment right we believe has been answered in the negative by the thorough analysis and holding of *Dilliplaine v. Lehigh Valley Trust Company,* 457 Pa. 255, 322 A.2d 114 (1974), and *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974).

Therefore, we do not meet, in this direct appeal, Appellant's arguments as to ineffectiveness of counsel and denial of right to speedy trial.

Appellant next alleges that he was placed in double jeopardy. He relies upon Appellant Banks' argument. The facts as to both being identical, and we shall address the issue immediately below as it applies to both Appellants.

---

2. It should be noted that Appellant did raise the speedy trial issue in his October 3, 1973, motion to quash indictment, which was denied after argument. It is not this denial which is the subject of this appeal. To raise this issue herein, Appellant was under obligation to preserve it by presenting it post-trial.

## The Appeal of Banks

Appellant on behalf of himself and his co-defendant Howard argues that the action of the Court in declaring a mistrial after jury deliberation of approximately six hours[3] constitutes double jeopardy in violation of his (their) Fifth Amendment and Pennsylvania Constitutional rights.[4] Trial had commenced on September 12, 1973, and on September 13, 1973, the jury informed the trial judge that it was hopelessly deadlocked.[5] Declaration of mistrial was without consent of either defendant. We first recognize Justice HARLAN's comment in his opinion *United*

---

3. It is noted that there were three mistrials. The first trial began on September 5, 1973, with mistrial the following day because of damaging press coverage. The second trial began on September 12, 1973, with mistrial the following day because of a hung jury. This second mistrial is the only one argued by Appellant herein. The third trial began on September 25, 1973, with subsequent mistrial because the defendant arrived in prison clothing.

4. Amendment V, *United States Constitution:* "No person . . . shall be subject for the same offence to be twice put in jeopardy of life or limb . . ." Article I, section 10, *Constitution of Pennsylvania:* "No person shall, for the same offense, be twice put in jeopardy of life or limb. . . ."

5. Testimony reflects that the jury foreman informed the judge that after much deliberation and several votes the jury could not decide. The judge asked if this was the feeling of all the jurors, and each nodded affirmatively. The judge asked them if more time for deliberation were needed, and the foreman replied, "we have been talking about that and I went and took a vote on that particular score and asked them if they would deliberate a little bit more would they come up with any kind of decision, and I received a negative reply." The foreman told the judge that it was the jurors' opinion that no matter how long they had, they would not be able to decide. The judge again offered more time (approximately five more hours) and again received the affirmative nod of the jurors that this would not be helpful. Thereupon the judge concluded "that any further instructions from the Court to continue to deliberate would only result in a coerced verdict" and declared a mistrial.

*States v. Jorn,* 400 U.S. 470, 484, 91 S.Ct. 547, 557, 27 L.Ed.2d 43 (1971), that "where the judge, acting without the defendant's consent, aborts the proceeding, the defendant has been deprived of his 'valued right to have his trial completed by a particular tribunal.' " (footnote and citation omitted). This valued right, of long-standing, will stand in the face of all but "absolute necessity." *Commonwealth v. Baker,* 413 Pa. 105, 196 A.2d 382 (1964). Realizing, as did the United States Supreme Court in *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), that the vast resources of the Commonwealth do not give it any right to subject a defendant to the anxiety of repeated trials, we must also recognize that the Commonwealth is faced with an impossible situation when the jury declares that it cannot reach a conclusion. Can such an "impossible situation" be denoted as the "absolute necessity" allowing a judge's *sua sponte* discharge of a jury and declaration of mistrial? Any doubts as to the existence of such "absolute necessity" must be resolved in favor of the defendant. *Commonwealth v. Ferguson,* 446 Pa. 24, 285 A.2d 189 (1971). However, we believe that logic dictates that ignoring the jury's statement that no matter how much time they might be given for further deliberation they would be unable to decide would force upon the jury such a degree of coercion as to bring about an unreal and improper verdict whether it be "guilty" or "not guilty." The jury's statement that it cannot reach a decision, and a conviction by the trial judge that this is so, constitutes such "absolute necessity" as may permit a declaration of mistrial and subsequent retrial. Cf. *Commonwealth v. Brooks,* 225 Pa. Superior Ct. 247, 310 A.2d 338 (1973). If there is not "absolute necessity" on the instant facts, there can be no substance to the principle. The number of hours of deliberation by a jury is not the controlling factor in determining whether or not absolute necessity exists. The primary element in judging whether a jury is really

deadlocked is the firmness of its communication to the Court that it is deadlocked and the judge's belief that such is the case. Of course some other factors may enter into the decision, such as the length of the trial, the hour of the day or night when the decision must be made, any extremes in the weather conditions and whether or not any of the jurors have become ill.

Appellant's second argument is that he was denied his Sixth Amendment right to speedy trial. As this issue was not raised in his motion for new trial, we deem it waived.

## Decision

Judgment of sentence is affirmed as to Appellant Howard.

Judgment of sentence is affirmed as to Appellant Banks.

JACOBS, HOFFMAN, CERCONE, PRICE, and SPAETH, JJ., concur in the result.