## Commonwealth v. Coleman, Appellant.

380

Submitted September 9, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Margaret H. Poswistilo,* Assistant Public Defender, for appellant.

*Allan B. Goodman,* Assistant District Attorney, and *Charles H. Spaziani,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., June 24, 1975:

On February 13, 1973, appellant was tried before a jury for unlawful possession and delivery of heroin. When the jury said, after four hours and twenty-six minutes of deliberation, that it was unable to agree on a verdict, the trial judge declared a mistrial. Defense counsel did not object to the declaration of a mistrial, nor did he object to the holding of a second trial on February 26, 1973. At the second trial appellant was found guilty by a jury of the same charges. After post-trial motions were dismissed, appellant was sentenced, and the matter now before us is a direct appeal from that sentence.

Appellant's first argument is that he was placed in double jeopardy by being tried for the same offense after the first trial resulted in a mistrial. Stated in this

way, the argument will not be considered. As noted, appellant's counsel did not protect the record, either by objecting to the declaration of a mistrial at the first trial or to the holding of the second trial. Further, he did not argue double jeopardy in post-trial motions. Thus the argument cannot be made now. *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974). However, appellant has made the argument not simply by itself but also in the context of a claim that he was denied the effective assistance of counsel. Specifically, he states in his brief to us that "[b]ecause trial counsel failed to object to the holding of the second trial, his action may have hurt his client. However, a criminal defendant is entitled to effective assistance of counsel."

It has recently been held that in certain circumstances a defendant may argue on appeal that he was denied the effective assistance of counsel. One of these circumstances will arise where the defendant's appellate counsel is different than his trial counsel. In that event, if the grounds upon which the claim of ineffective assistance of counsel is made to appear of record, not only may appellate counsel argue in effective counsel, if he does not, the argument will be considered waived and it may not be made later, as for example in a proceeding under the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, §1, *et seq.,* 19 P.S. §1180-1 *et seq.* (Supp. 1974). *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1974). Sometimes the appellate court will be able to determine from the record whether in fact counsel was ineffective. *Commonwealth v. Dancer, supra; Commonwealth v. Learn,* 233 Pa. Superior Ct. 288, 335 A.2d 417 (1975). Other times the appellate court will not be able to make such a determination, in which case the record will be remanded for a hearing. *Commonwealth v. Strachan,* 460 Pa. 407, 333 A.2d 790 (1975); *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975).

In the present case, appellant's counsel before us is different than his trial counsel. Further, the grounds upon which the claim of ineffective counsel is made do appear of record, *i.e.*, that a mistrial should not have been declared at the first trial and therefore counsel should have objected to the holding of the second trial. Accordingly, we must examine the record to see if we can determine whether in fact trial counsel was ineffective.

In undertaking this examination it should be borne in mind that appellant's claim is that it was counsel at his second trial who was ineffective. The question to be decided, therefore, is whether the trial judge at the first trial erred in declaring a mistrial; for if he did not, counsel at the second trial cannot be faulted for failing to object to the holding of that trial.

The standard "for appellate review of the trial judge's exercise of his discretion in declaring a mistrial without the defendant's consent" is manifest necessity. *Commonwealth v. Monte*, 459 Pa. 495, 329 A.2d 836, 839-40 (1974). The principal example of manifest necessity is where the jury is unable to agree on a verdict. *U.S. v. Corbitt*, 368 F. Supp. 881 (E.D. Pa. 1973); *Commonwealth v. Monte, supra; Commonwealth v. Shaffer*, 447 Pa. 91, 288 A. 2d 727 (1972); ABA Standards, Trial by Jury §5.4(c) (Approved Draft, 1968). Precisely when this occurs must be determined by the trial judge on a case-by-case basis:

> "There are too many variables in the trial of criminal cases which would prevent the formulation of predetermined periods of time for the jury's deliberation. Each case differs in the complexity of the issues presented, the seriousness of the charges, the number of the charges to be considered, the amount of testimony to be digested and reviewed, thus requiring the reasonableness of the time for deliberations to be made on a case-by-case basis."

*Commonwealth v. Monte,* 459 Pa. 495, 504, 329 A.2d 836, 840 (1974).

In addition, it is important to note that

"[t]he line between giving a jury sufficient time to explore all possibilitites for true unanimity and a coerced verdict sometimes may be a fine one. If there is to be error, it should be on the side of avoiding a coerced verdict by the granting of a mistrial rather than by obtaining a decision through fatigue and frustration. Such matters as the complexity of issues, the number of witnesses, and the length of the trial must all be weighed." *U.S. v. Corbitt, supra* at 885.

Thus, six and one-half hours has been held reasonable where there were only two indictments on minor charges with relatively uncomplicated issues to be decided by the jury (*Commonwealth v. Monte, supra*) ; five hours, where the entire trial took only two days *(U.S. v. Brahm,* 459 F. 2d 546 (3d Cir. 1972)); four hours and forty-five minutes when in the opinion of an experienced trial judge unanimity was impossible *(U.S. v. Phillips,* 431 F. 2d 949 (3d Cir. 1970)); and just over four hours, where the only issue was the identity of one or more of the defendants *(U.S. v. Corbitt, supra).*

In the present case, the jury had deliberated approximately two and one-half hours when they returned to the courtroom. The foreman informed the trial judge that there was a "slight possibility" of arriving at a unanimous verdict after further deliberation. The judge asked the jury to retire and deliberate further. One hour and fifty-six minutes later the jury again returned. Thus the jury had deliberated, in all, for about four hours and twenty-six minutes. The judge questioned the foreman and the individual jurors. All agreed that it was impossible for them to arrive at a unanimous verdict. The case had begun on the morning of February 13, 1973. It concluded, and the jury began its deliberation, at 3:00

that afternoon. The issues were the identity of appellant and whether his alibi was to be believed. In these circumstances it was not error for the trial judge to have declared a mistrial. Therefore, it was not ineffective assistance for appellant's counsel not to object to the second trial.

Appellant's next argument is that he was prejudiced in his second trial by the remarks of the judge during the closing speech of defense counsel.

During closing argument, defense counsel stated that a man may not be convicted on the testimony of one witness alone. The trial judge interrupted counsel to state that that was not a proper statement of the law of Pennsylvania. Counsel replied that he was not stating the law, but was quoting from Deuteronomy. The judge then remarked, "Well, if you're in church we'll take up a collection." Counsel then finished his argument to the jury without further reference to Deuteronomy. The judge began his instructions to the jury by referring to counsel's statement of the law of Deuteronomy, explaining how it differed from the law of Pennsylvania.

Appellant contends that it was unfair for the trial judge not to let his counsel explain the source and meaning of his Biblical quotation, and that the judge's remark about being "in church" belittled his counsel and prejudiced the jury against him.

It is the duty of a trial judge to instruct the jury as to the applicable law. *Kimmel v. Yellow Cab Co.*, 414 Pa. 559, 201 A. 2d 417 (1964). It was therefore not error for the judge to interrupt and correct counsel's misstatement, or at least possibly misleading statement, of the law. *U.S. v. Taylor*, 334 F. Supp. 1050, 1060 (E.D. Pa. 1971). The judge's added remark about being "in church" does seem unfortunate. It may be said that counsel brought it on himself. However, counsel is rarely equal to the judge in a jury's eyes, and the judge must therefore be careful in how he deals with counsel. This does

not mean that counsel is to be excused for unprofessional conduct, or is not to be held to high standards. Nevertheless, the judge "should be the exemplar of dignity and impartiality. He should exercise restraint over his conduct and utterances . . . When it becomes necessary . . . for him to comment . . . he should do so in a firm, dignified and restrained manner, avoiding repartee. . . ." ABA Standards, The Function of the Trial Judge §6.4 (Approved Draft, 1972). On balance, however, considering all of the circumstances, especially the judge's explanatory charge, and the fact that it is very difficult, and often impossible, to assess the atmosphere of a trial simply by reading a printed record, we have concluded that appellant has not shown sufficient reason for awarding a new trial.

Appellant's last argument is that the evidence was insufficient to warrant a verdict of guilty.

"The test of the sufficiency of the evidence . . . is whether, accepting as true all the evidence and all reasonable inferences therefrom, upon which if believed the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted." *Commonwealth v. Chasten*, 443 Pa. 29, 31, 275 A.2d 305, 306 (1971); *Commonwealth v. Hornberger*, 441 Pa. 57, 270 A.2d 195 (1970); *Commonwealth v. Frye*, 433 Pa. 473, 252 A.2d 580 (1969); *Commonwealth v. Whiting*, 409 Pa. 492, 187 A.2d 563 (1963).

In the present case, a state police undercover agent testified as follows. During the evening of September 15, 1972, he was on duty in Easton, Pennsylvania. At about 10:00 p.m., he and several others got into a car driven by a man, who was identified by the trooper at trial as appellant. A pregnant woman (later identified as Gwyndanita Smith, appellant's common-law wife) and two children were also in the car. The trooper said he "would like to get hold of some skag" (heroin). The

driver replied, "I could probably help you out. How much do you want to do?" After driving for a while and dropping off the woman and children, the driver obtained, from a house numbered 919 Nesquehoning Street, Easton, three small glassine bags containing a white powder, and gave them to the trooper for $28.00. Subsequent analysis showed the powder to be heroin.

Appellant's defense was two-fold. He claimed an alibi and also an error in identification. His alibi was that he was living with Ms. Smith in September, 1972, and never left their apartment without her save to go to work. Therefore, he claimed, he could not have been the driver of the car. Appellant also claimed that although he owned a car similar to the one described by the trooper, his car was not operable in September, 1972, and therefore could not have been used in the illegal transaction. Appellant's identification defense was that there was an error in identity because the trooper testified that at the time of the transaction appellant wore a "Ho-Chi-Minh" moustache, but not a full beard, whereas Ms. Smith testified that appellant had a full beard in September, 1972, and her testimony was corroborated by a photograph allegedly taken during that time.

In reviewing this evidence, we must consider it in the light most favorable to the Commonwealth. *Commonwealth v. Blevins*, 453 Pa. 481, 309 A.2d 421 (1973); *Commonwealth v. Whiting*, 409 Pa. 492, 187 A. 2d 563 (1963). Here, the jury was fully instructed on both alibi and identification, and no exception was taken to the charge. We may not second guess the jury if its conclusion was reasonable in light of the evidence. *Commonwealth v. Lawrence*, 428 Pa. 188, 236 A. 2d 768 (1968) ; *Commonwealth v. Rhome*, 222 Pa. Superior Ct. 4, 292 A. 2d 437 (1972). Since it was reasonable for the jury to believe the testimony of the state trooper and not to believe the evidence of appellant and his witnesses its verdict will not be disturbed.

The judgment of sentence is affirmed.