148 N.J. Super. 102 (1977)
371 A.2d 1273
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOSEPH M. ESPOSITO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 17, 1977.
Decided February 9, 1977.
*104 Before Judges CARTON, KOLE and LARNER.
Mr. Ronald B. Sokalski argued the cause for appellant.
Mr. Mart Vaarsi, Deputy Attorney General, argued the cause for respondent (Mr. William F. Hyland, Attorney General, attorney).
The opinion of the court was delivered by LARNER, J.A.D.
Defendant was charged by the state grand jury in four counts of an indictment with common law bribery (N.J.S.A. 2A:85-1), statutory bribery in connection with government work (N.J.S.A. 2A:93-6), misconduct in office (N.J.S.A. 2A:85-1) and conspiracy to commit misconduct in office (N.J.S.A. 2A:98-1 and 2). After a jury trial he was acquitted on the two bribery counts, with the jury unable to agree on a verdict on the counts alleging misconduct and conspiracy. In view of the jury disagreement, the judge declared a mistrial as to those counts, and the case proceeded to trial before another judge.
The second trial resulted in a verdict of guilty on both counts, and defendant was sentenced to two concurrent terms of 364 days in the Morris County Jail plus a fine of $2,000.
Defendant has set forth in his brief 12 allegations of error which may be more succinctly synthesized as follows: (1) The remaining counts of the indictment should have been dismissed after the first trial because of the plea of double jeopardy and collateral estoppel; (2) the judge erred in permitting evidence of money payments; (3) he erred in permitting evidence of defendant's statement to State Police acknowledging receipt of payments from a coconspirator; (4) the judge improperly prevented examination by defendant addressed to exculpatory portions of the statement; (5) evidence by way of taped conversations between *105 coconspirators was admitted prior to proof of existence of the conspiracy; (6) the New Jersey Electronic Surveillance Law was violated and all evidence obtained thereby should have been suppressed; (7) the judge committed errors in the charge; (8) redirect testimony of Donald Young was improperly admitted; (9) defendant was denied a fair trial in that the trial judge erroneously prohibited the introduction of testimony; and (10) defendant's motion for mistrial was erroneously denied.
Defendant rests the double jeopardy plea on the basis that the court at the first trial improvidently granted a mistrial as to the counts for conspiracy and misconduct in office and thereby caused the harassment of a second prosecution, in violation of the constitutional inhibitions against double jeopardy. The suggestion is specious because the mistrial was granted as a result of the inability of the first jury to agree after deliberating for six days. Such a ground for a mistrial is clearly one created by "manifest necessity," and thus fully warranted. United States v. Perez, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824); see United States v. Dinitz, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); Illinois v. Somerville, 410 U.S. 458, 464, 93 S.Ct. 1066, 1071, 35 L.Ed.2d 425, 431 (1973); State v. Rechtschaffer, 70 N.J. 395, 405-410 (1976); State v. Romeo, 43 N.J. 188 (1964), cert. den. 379 U.S. 970, 85 S.Ct. 668, 13 L.Ed.2d 563 (1965); State v. Roller, 29 N.J. 339, 344 (1959). Under the circumstances herein defendant has no basis for complaint on double jeopardy grounds.
Alternatively, defendant urges that the undetermined counts should have been dismissed on the ground of collateral estoppel. See Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). The basis for defendant's plea of collateral estoppel is focused on the assertion that the not guilty verdict on the bribery charge constitutes a fact determination on an essential issue in the trial of the misconduct and conspiracy counts. See Sealfon *106 v. United States, 332 U.S. 575, 68 S.Ct. 237, 92 L.Ed. 180 (1948); State v. Cormier, 46 N.J. 494, 505 (1966).
We reject this contention as untenable. The verdict on the bribery counts was a general one and it is therefore impossible to determine the basis for the decision. Appellant does not present any proof from the first trial which establishes any particular fact-finding by the first jury. See State v. Ebron, 61 N.J. 207, 216 (1972). There may be several rationalizations for the verdict which do not necessarily point to the determination of an ultimate fact which is essential for proof of the remaining counts.
Even if we assume, as defendant argues, that the first verdict represents a finding that defendant did not receive money for an unlawful purpose, nevertheless this ultimate fact was not an essential fact in proof of guilt of the charges encompassed by the remaining counts of the indictment, namely, conspiracy and misconduct in office. See Pinkerton v. United States, 328 U.S. 640, 643, 66 S.Ct. 1180, 1181, 90 L.Ed. 1489, 1494 (1946); State v. Begyn, 34 N.J. 35, 48 (1961); State v. Oats, 32 N.J. Super. 435 (App. Div. 1954); State v. Chevencek, 127 N.J.L. 476 (Sup. Ct. 1941). Since the issues of ultimate fact involved in the latter two crimes were not decided by the bribery acquittal the doctrine of collateral estoppel does not apply. See United States ex rel. Triano v. Superior Court of New Jersey, 393 F. Supp. 1061, 1068 (D.N.J.), aff'd 523 F.2d 1052 (3 Cir. 1975), cert. den. 423 U.S. 1056, 96 S.Ct. 787, 46 L.Ed.2d 645 (1976); State v. Schlue, 129 N.J. Super. 351 (App. Div.) certif. den. 66 N.J. 316 (1974).
There is an additional ground for rejecting the collateral estoppel defense. That defense is inapplicable under the circumstances of this case involving different counts of one indictment, where the retrial is brought about because of the jury disagreement on certain counts. Under such circumstances, the second proceeding necessitated by the justifiable mistrial does not embody the harassment and oppression incident to multiple prosecutions for the same wrong-doing. *107 The impaneling of the second jury is but part of a single trial in order to seek a determination on unresolved issues. This question was met by the Supreme Court in State v. Roller, supra, where Justice Jacobs pointed out:
But here the State did not engage in any multiple prosecutions; on the contrary it prosecuted its charges in a single trial and the fact that, in the course of that single trial, some of its charges were dismissed, did not in any sense entail any of the harassment and oppression incident to multiple prosecutions or furnish any just basis for the plea of double jeopardy. 29 N.J. at 347.
See further discussion at 29 N.J. 347-350.
The issue was squarely decided by this court in a strikingly similar case in State v. Triano, 147 N.J. Super. 474 (App. Div. 1974), certif. den. 65 N.J. 280, cert. den. 419 U.S. 883, 95 S.Ct. 148, 42 L.Ed.2d 123 (1974).[1] There the defendant was indicted for (1) bribery, (2) unlawful taking of a fee and (3) misconduct in office, with the charges arising out of the acceptance of $100 by defendant in his capacity as a clerk of the Criminal Division of the Hudson County District Court to reduce a charge of drunken driving to driving while impaired. After a lengthy trial, defendant was acquitted on the first and second counts and a mistrial declared as to the third count because of a hung jury.
Thereafter on defendant's motion, the trial judge dismissed the remaining count for misconduct in office on the ground of collateral estoppel. On appeal we reversed, relying upon State v. Roller, supra, and stated:
* * * It is our opinion that collateral estoppel does not preclude defendant's retrial on the third count of the indictment. State v. Roller, 29 N.J. 339 (1959). Here the State was not engaging in unfair plural attempts to convict defendant for a single offense. Rather, following the discharge of the jury by reason of the fact *108 that it could not agree upon a verdict as to one count of a multiple-count indictment, the State was merely seeking to obtain a determination in the same trial on the charge preferred under that count. Thus, the acquittal under the first two counts in nowise bars the continuance of the trial on the third count of the indictment. Id. at 349-350.
Defendant's contention that State v. Roller, is not applicable because the dismissal of the pertinent indictment therein was by the trial judge and not by jury resolution, is without merit. The court in Roller notes and adopts the trial judge's view that the dismissal was "equivalent to a judgment of acquittal" (at 343).
State v. Cormier, 46 N.J. 494 (1966), upon which defendant relies, is inapposite. That case involved a subsequent trial upon a second indictment charging a substantive offense following a trial resulting in an acquittal upon a separate indictment which solely charged a conspiracy to commit the same offense. Thus, therein there were two separate trials upon two distinct indictments. Here, as above noted, there was but one trial upon a multiple-count indictment.
Finally, defendant cites Cosgrove v. United States, 224 F. 2d 146 (9th Cir.1955); United States v. Flowers, 255 F. Supp. 485 (E.D.N.C. 1966) and Oliver v. Superior Court, 92 Cal. App. 94, 267 P. 764 (1928), which hold contrary to our determination herein. We do not consider these cases to be binding upon us. [147 N.J. Super. at 475-476]
The only other point which requires discussion is defendant's assertion that the court erred in admitting evidence of money paid to defendant  evidence which was the essence of the earlier bribery charge. It is unnecessary to reach the question whether such evidence would be barred because the record does not support appellant's assertion. The court excluded evidence of payments to defendant which might have been the subject matter of the bribery charge. Nevertheless, as to the propriety of admitting such evidence, see State v. Schlue, supra, 129 N.J. Super. at 355; State v. Yormark, 117 N.J. Super. 315, 337 (App. Div. 1971), certif. den. 60 N.J. 138, 139, cert. den. 407 U.S. 925, 92 S.Ct. 2459, 32 L.Ed.2d 812 (1972); State v. Robinson, 16 N.J.L. 507 (Sup. Ct. 1838).
The evidence which was admitted by the court involved either payments of money to coconspirators or moneys intended for a political contribution to a Paterson mayoralty candidate. Thus, there is no evidence in the record of payments *109 readily identifiable with those in the bribery trial, and defendant's legal argument must fall, even if it were otherwise valid.
We have also considered the other points raised by defendant, as outlined at the outset of this opinion, and conclude that they are clearly without merit. R. 2:11-3(e)(2).
Affirmed.
NOTES
[1] See subsequent litigation on federal habeas corpus proceeding: United States ex rel. Triano v. Superior Court of New Jersey, 393 F. Supp. 1061, 1068 (D.N.J.), aff'd 523 F. 2d 1052 (3 Cir. 1975), cert. den. 423 U.S. 1056, 96 S.Ct. 787, 46 L.Ed.2d 645 (1976).