385 A.2d 502

**COMMONWEALTH of Pennsylvania**

v.

**Jeffrey Michael JELLOTS, Appellant.**

Superior Court of Pennsylvania.

Submitted April 11, 1977.

Decided April 13, 1978.

Thomas P. Ruane, Jr., Uniontown, for appellant.

Conrad B. Capuzzi, District Attorney, Uniontown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

Appellant was convicted of robbery[1] and theft by unlawful taking.[2] His appellate counsel, the Public Defender for Fayette County, has asked leave to withdraw from further representation on the ground that "there are no issues present in the record on which counsel could reasonably base an argument with a chance of securing relief." The request must be denied, for two reasons.

■ First, counsel has failed to comply with the requirements of the case law on withdrawal of appellate counsel. *Commonwealth v. Greer*, 455 Pa. 106, 314 A.2d 513 (1974); *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968); *Commonwealth v. Liska*, 252 Pa.Super. 103, 380 A.2d 1303 (1977). In a similar case, which involved the same counsel as this case, we said recently:

1. The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, effective June 6, 1973; 18 Pa.C.S. 3701.

2. The Crimes Code, *supra*; 18 Pa.C.S. § 3921.

First, the brief counsel has submitted . . . is not an advocate's brief, except in the sense that it advocates granting his request to withdraw. *See Commonwealth v. Palmer*, 455 Pa. 111, 112 (1974). And, second, counsel does not certify that any argument he could make on appeal would be wholly frivolous. Instead, counsel only states that he is "unable to raise or argue issues which would entitle appellant to relief . . . ." Statements of this nature are reminiscent of the no-merit letters which the United States Supreme Court condemned in *Anders* [*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)], and the certification which our Supreme Court held insufficient in *Commonwealth v. Greer*, 455 Pa. 106, 314 A.2d 513, *supra*. See also ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Providing Defense Services § 5.3 (Approved Draft, 1968). Lack of merit in an appeal is not the legal equivalent of frivolity. *Id.*

*Commonwealth v. Hall*, 250 Pa.Super. 13, 378 A.2d 428 (1977).

■ Second, also as in *Commonwealth v. Hall, supra*, the Public Defender's brief advocating his withdrawal from the case reveals a very likely ground for appeal. Appellant committed only one criminal act in the incident giving rise to his conviction, yet he was tried, convicted, *and sentenced* for both robbery and theft by unlawful taking.[3] Thus appellant could reasonably argue that his sentence was illegal because the theft charge should have merged with the robbery charge. *Commonwealth v. Brooks*, 242 Pa.Super. 7, 363 A.2d 1132 (1976). Appellate counsel's disinclination to pursue this avenue of relief for appellant is all the more puzzling in light of the following extract from his brief:

3. The sentences, to run concurrently, were identical: Robbery—pay costs, make restitution, forfeit the sum of $200 for the County of Fayette, and undergo a term of imprisonment of four to eight years; Theft—pay costs, make restitution, forfeit the sum of $200 for the County of Fayette, and undergo a term of imprisonment of four to eight years.

The only conceivable argument that could be raised would be that of incompetent counsel and should be raised by filing a Post-Conviction Hearing Petition.[4]

And further, that the sentence at No. 482½ of 1975 is an improper sentence as the offense of Theft by Unlawful Taking of Disposition merged with the offense at No. 483 or 1975 on the charge of Robbery.

Counsel's request to withdraw is denied, and counsel is directed to file an advocate's brief on the merits within thirty days.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

4. Counsel is mistaken. *See Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975).

Even where appellate and trial counsel are the same, or from the same office (as here) appellate counsel may raise trial counsel's ineffectiveness on direct appeal. *Commonwealth v. Fox,* 476 Pa. 475, 383 A.2d 199 (1978).