396 A.2d 461

COMMONWEALTH of Pennsylvania

v.

**Jeffrey Michael JELLOTS, Appellant.**

Superior Court of Pennsylvania.

Submitted April 11, 1977.

Decided Dec. 28, 1978.

18

Thomas P. Ruane, Jr., Assistant Public Defender, Uniontown, for appellant.

Conrad B. Capuzzi, District Attorney, Uniontown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

This is an appeal from judgments of sentence entered on convictions of robbery and theft by unlawful taking, The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S.A. §§ 3701 and 3921, respectively.

Appellant's enumerated grounds for appeal were originally that the verdict was against the evidence; the verdict was against the weight of the evidence; and the verdict was against the law. Counsel for appellant filed a brief seeking permission to withdraw from the case because no issues of arguable merit were raised. This court decided that the brief did not meet the requirements of *Commonwealth v. Greer*, 455 Pa. 106, 108–08, 314 A.2d 513, 514–15 (1974), and *Commonwealth v. Liska*, 252 Pa.Super. 103, 380 A.2d 1303 (1977); furthermore, we noted a likely ground for appeal: that appellant's sentence was illegal because the theft charge should have merged with the robbery charge. We therefore ordered counsel to file an advocate's brief on the merits. *Commonwealth v. Jellots*, 254 Pa.Super. 18, 385 A.2d 502 (1978).

Counsel has duty filed a new brief with this court raising as issues for appeal, and arguing, that appellant's sentence was illegal, and that trial counsel was ineffective for (1) not objecting to leading questions about the identification of appellant as the robber; (2) not objecting when the court ruled that evidence of the robbery victim's description of the robber was irrelevant; and (3) failing to request a jury poll or to advise appellant of his right to request a jury poll.

 These questions are properly before this court for decision. Ineffectiveness of trial counsel may be raised on appeal where appellate counsel is different from trial counsel, *Commonwealth v. Coleman,* 235 Pa.Super. 379, 382, 341 A.2d 528 (1975), even where counsel is from the same office (as here), *Commonwealth v. Fox,* 476 Pa. 475, 383 A.2d 199 (1978). Although the illegality of the sentence was not among appellant's post-verdict motions, it too may be raised at this time. *Commonwealth v. Walker,* 468 Pa. 323, 362 A.2d 227 (1976); *Commonwealth v. Usher,* 246 Pa.Super. 602, 371 A.2d 995 (1977).

 However, we still lack an advocate's brief on the questions originally raised on appeal, which we cannot consider to have been discarded: that the verdict was against the evidence, etc.

Counsel is directed to file within thirty days an advocate's brief discussing all of the issues that have been preserved, so that this court may rule on them in one decision.

JACOBS, President Judge, files a dissenting statement.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

JACOBS, President Judge, dissenting:

I dissent. I would decide the case on the merits.