Commonwealth ex rel. Stevens, Appellant, *v.* Myers.

Argued January 11, 1967. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*M. R. Turk,* with him *Charles J. Odgers, Jr.,* Public Defender, for appellant.

*Ralph B. D'Iorio,* Assistant District Attorney, with him *Vram S. Nedurian,* Assistant District Attorney, *Paul R. Sand,* First Assistant District Attorney, and *Jacques H. Fox,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, March 14, 1967:

In *Commonwealth ex rel. Stevens v. Myers,* 419 Pa. 1, 21-23, 213 A. 2d 613, 624-26 (1965), we directed that

the Court of Common Pleas of Delaware County hold a hearing to determine whether petitioner had been deprived of his right to the assistance of counsel on direct appeal, *Douglas v. California,* 372 U.S. 353, 83 S. Ct. 814 (1963), or whether his failure to appeal resulted from an intelligent and knowing waiver of that right. The Stevens' petition contained the allegation that his trial counsel had refused to take an appeal because of petitioner's lack of funds. This claim, which was not contradicted by the record then before us, would, if proved, support the issuance of the writ of habeas corpus as requested. See, e.g., *Commonwealth ex rel. Light v. Cavell,* 422 Pa. 215, 220 A. 2d 883 (1966); *Commonwealth ex rel. Cunningham v. Maroney,* 421 Pa. 157, 218 A. 2d 811 (1966).

Pursuant to our mandate, a hearing was held in the court below. At that time the Commonwealth introduced into evidence correspondence between petitioner and his trial counsel which unequivocally shows that the failure to appeal was the result of a knowing and intelligent waiver.[1] See *Commonwealth ex rel.*

---

[1] Petitioner wrote his counsel the following letter: "Dear Mr. Levy, I have come to a decided I will not take my case to the Supreme Court, because things is bad enough I do not won't to do any thing to hurt myself so I an going to let it stay like it is, and try to get the Judge to cut my sentence because I cannot prove that I am innocent.

I know that you have did a good job and I have a lot of confidence in you, I realized that I have a hold lot of time and it is pretty hard on because I would like to get back in sociely again.

I am going to write my mother and tell her about my decided and I do believed she will go alone with us.

I truly hope that this letter will find you in the best of health I am likewise.

Sincerely yours<br>Rayford"

Mr. Levy replied on August 1, 1955: "Dear Rayford: This will acknowledge receipt of your recent letter. It is my understanding that you have definitely decided *not* to appeal your case to the

*McCray v. Rundle,* 415 Pa. 65, 69-70, 202 A. 2d 303, 305 (1964). Moreover, petitioner's trial counsel testified that despite petitioner's stated desire not to appeal, he did everything he could to impress upon him the seriousness of that decision and to offer him any assistance he could.[2] He also testified that he recognized his professional responsibility to petitioner and, had petitioner desired it, would have perfected an appeal regardless of petitioner's financial ability. On the basis of a complete record it now appears that not only did counsel "ably represent petitioner at trial"[3] but that he was prepared to give him the same type of representation on appeal.

Order affirmed.

---

Supreme Court of Pennsylvania. You realize, of course, that when forty-five days after June 24, 1955, have passed, that you will then be forever barred from taking such appeal. I am simply writing this to you so that there can be no misunderstandings between you and me. I trust that this finds you in the best of health. If at any time in the future you desire to call upon me, please feel free to write me at your convenience.

Very truly yours,<br>Melvine G. Levy"

(Emphasis in the original.)

[2] According to Mr. Levy's testimony petitioner informed him after the life sentence had been imposed that he did not wish to appeal. Mr. Levy told him to consider his decision carefully. Sometime in July 1955, counsel visited petitioner at the prison and the matter of an appeal was again discussed.

[3] *Commonwealth ex rel. Stevens v. Myers,* 419 Pa. 1, 21, 213 A. 2d 613, 624 (1965). In our previous opinion we referred to counsel as court appointed; it now appears from facts presented at the hearing that he was actually retained by the Stevens family. Of course, counsel's professional responsibility to his client does not depend upon whether he is appointed or retained.