STATE OF NEBRASKA, APPELLEE, v. STANLEY PUTNAM, APPELLANT.

153 N. W. 2d 456

Filed October 27, 1967. No. 36588.

Leo M. Bayer, for appellant.

Clarence A. H. Meyer, Attorney General, and Richard H. Williams, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

Defendant has appealed from a denial of post convic-

tion relief on an evidentiary hearing. He contends that his plea of guilty to a charge of horse stealing was involuntary and that his appointed counsel rendered ineffective assistance.

Charles F. Fisher, defense counsel, had conferred with defendant for 15 minutes prior to the arraignment on May 24, 1965. During the hearing the court asked defendant whether he understood his right to a jury trial. Defendant answered, "Yes, I guess so." (A judgment on a burglary conviction of defendant by a jury had been reversed the preceding March. State v. Putnam, 178 Neb. 445, 133 N. W. 2d 605.) He also unexpectedly declared, "Well, I enter a plea of nolo contendere." After a recess he pleaded guilty. The next day he was admitted to a state hospital for psychiatric evaluation at his own request. On September 20, 1965, the superintendent recommended that defendant be discharged from the hospital, stating: "Stanley Putnam possesses average, adult, intellectual ability * * *, and he is not mentally incompetent by reason of mental illness."

On October 14, 1965, defendant requested permission to withdraw his plea because he had been in jail on September 19, 1963, the date alleged in the information. The correct time, September 8, 1963, appears in the complaint which is dated September 19, 1963. After correction of the typist's error and a recess defendant pleaded guilty. Having answered questions about threats or promises in the negative, he said: "* * * I am not sorry that I was caught at this. I am sorry that it ever happened."

At the post conviction hearing defendant testified to circumstances surrounding his plea. He had suffered from headaches and nervousness. Fisher had threatened that a charge of recidivism would be filed unless defendant pleaded guilty. Fisher was displaying no interest in the case, and defendant was frightened.

Fisher consulted with the deputy county attorney, who stated that a recidivism charge would be filed unless

defendant pleaded guilty. Defendant was full advised of his rights and available alternatives, including the recidivism charge. Fisher, whose experience and competency are not questioned, was willing to try the case, and he left the decision to defendant.

For post conviction relief on the ground of ineffective assistance it must appear "that counsel's assistance was so grossly inept as to shock the conscience of the court * * *." Busby v. Holman, 356 F. 2d 75. Ineffectiveness is not inferable from the single fact that only 15 minutes passed between appointment of counsel and arraignment of defendant. United States v. Wright, 176 F. 2d 376; People v. Tomaselli, 7 N. Y. 2d 350, 165 N. E. 2d 551.

The propriety of plea discussions and plea agreements depends primarily upon whether they serve the public interest in the effective administration of criminal justice. A prosecuting attorney ordinarily may agree on recommendations for sentence and disposition of other charges or potential charges against defendant. American Bar Association, Standards Relating to Pleas of Guilty, Tent. Dr. § 3.1, p. 60.

The denial of post conviction relief was correct.

AFFIRMED.