STATE OF NEBRASKA, APPELLEE, v. JOSEPH DOUGLAS MOSS, APPELLANT.

177 N. W. 2d 284

Filed May 15, 1970. No. 37388.

Gordon H. Miles of Walsh, Walentine, Miles & Katskee, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

In this post conviction appeal the defendant claims that he was inadequately represented by counsel in his original trial and therefore deprived of his Sixth Amendment rights under the federal Constitution. On appeal, we affirm the judgment of the district court dismissing, after an evidentiary hearing, the petition for post conviction relief.

The defendant was tried and convicted for shooting with intent to kill, wound, or maim (section 28-410, R. R. S. 1943). On appeal in the original case this court affirmed his conviction. State v. Moss, 182 Neb. 502, 155 N. W. 2d 435 (1968). The record shows that the defendant, in the original trial, was represented by the public defender's office of Douglas County, Nebraska, and that on his appeal he was represented by different counsel

of his own choosing, which appeal resulted in affirmance in this court.

In his reply brief, in the original appeal, the defendant assigned as error and argued that he was inadequately represented by counsel. With reference to that contention, this court said in the original appeal: "It is asserted that defendant's counsel failed to make such an investigation of the facts as to enable him to properly cross-examine the witnesses or to know how best to bring out the facts most helpful to defendant. It is pointed out as an example that defendant's counsel did not bring out whether or not the bullet entered Higgins' body directly from the gun or if it ricocheted off the pavement. The bullet was not received in evidence on defendant's objection to foundation. We have found nothing in the record before us to justify the charge that defendant's counsel was ineffective unless the failure of the jury to acquit may afford the basis of such a charge, which it does not. There is nothing to indicate that counsel's assistance was so grossly inept as to shock the conscience of the court. State v. Putnam, ante p. 185, 153 N. W. 2d 456."

Ignoring questions of res judicata, we have examined the record and this same contention of inadequacy of counsel is supported by the same, although more elaborate, argument made on the first appeal. The record conclusively shows, despite defendant's unsupported testimony to the contrary, that his appointed counsel represented him or was in conference with him at least five times prior to his original trial. It also shows that the prosecution's file of witnesses and testimony in the case were completely disclosed to the defendant's counsel. It shows full and adequate representation by counsel at the trial of the cause. Defendant's counsel was successful in keeping out of evidence a bullet, which had entered the body of the prosecuting witness when shot by the defendant from the back. The defendant now asserts that since his defense was that he did not

intend to shoot the prosecuting witness, but merely to scare him, the introduction of the bullet in evidence would have either supported or demonstrated that it ricocheted into the body of the prosecuting witness. The defendant called no witnesses and had no witnesses, but testified in his own behalf. He testified as follows: "I asked her to leave, her and Herman then left I kept arguing with him about the money and he said he wasn't going to give me anything and he walked out the door and that *I shot him.*" (Emphasis supplied.)

There was insufficient foundation for the introduction of the bullet. The objection was properly sustained. We are asked now to publicly castigate a lawyer, representing a defendant who admits that he shot the prosecuting witness, by sustaining a contention that he was grossly negligent in keeping inadmissible evidence out of the record. It would seem that this borders on the incredible. We point out that the adversary system requires counsel and the court to make quick, and sometimes instantaneous, judgments as to the nature and advisability of objections to testimony. These decisions are interwoven with trial stategy and cannot await the calculated and meticulous hindsight examination that the defendant would now require us to perform.

We note further that despite the fact that the defendant was given an opportunity prior to sentencing to voice any complaint about his appointed counsel, he failed to do so. There was no complaint about his keeping the bullet out of evidence or any other matter, notwithstanding the fact that he was given a full opportunity to do so.

The burden of proof is upon the defendant to assert and to prove a violation of his constitutional right to effective counsel in the original trial. By the defendant's own testimony, whether the bullet ricocheted or not, his intention to shoot the prosecuting witness emerged from his own lips at the time he was a witness in his own behalf in the trial. It does not appear that the de-

fense counsel's successful attempt to keep the slug out of evidence was unreasonable, much less sufficient proof to sustain the burden of proof that defendant's appointed counsel failed to exercise that judgment which might be expected of one trained in the law and committed to the diligent application of its principles. There is nothing to indicate that counsel's assistance was so grossly inept as to shock the conscience of the court. State v. Putnam, 182 Neb. 185, 153 N. W. 2d 456; State v. Moss, *supra;* Taylor v. United States, 282 F. 2d 16 (8th Cir., 1960); Scalf v. Bennett, 408 F. 2d 325 (8th Cir., 1969).

There is no merit to defendant's contention that court appointed counsel have a greater or a different duty than those of retained counsel. See, Taylor v. United States, *supra;* Slawek v. United States, 413 F. 2d 957 (8th Cir., 1969); Kress v. United States, 411 F. 2d 16 (8th Cir., 1969).

The contentions of the defendant are without merit and the judgment of the trial court should be and is affirmed.

AFFIRMED.