375 A.2d 777
**COMMONWEALTH of Pennsylvania**

v.

**Ronald V. MATT, Appellant.**

Superior Court of Pennsylvania.

Submitted June 14, 1976.
Decided June 29, 1977.

100

Harris S. Pasline, Assistant Public Defender, Easton, for appellant.

Robert A. Freedberg, Assistant District Attorney, and Charles H. Spaziani, District Attorney, Easton, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

HOFFMAN, Judge:

The instant appeal involves numerous allegations of error. Only two issues are properly before us: (1) whether the evidence of robbery[1] was sufficient, and (2) whether the sentence was excessive. Appellant waived five additional contentions, three because counsel failed to raise them in a timely manner below, and two because counsel failed to raise them in post-verdict motions. Because neither claim which is properly before us has merit, we affirm the judgment of sentence.

On February 21, 1975, appellant was arrested on a charge of robbery in Bethlehem, Northampton County. A grand jury indicted him on March 18, 1975. On April 16, 1975, a jury found appellant guilty of robbery. After the court en banc denied appellant's post-verdict motions, the lower court sentenced appellant to a term of imprisonment of four to eight years. This appeal followed.

1. The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S. § 3701.

Appellant contends that the evidence of robbery was insufficient to sustain a conviction of robbery. Appellant's contention is without merit.

At trial, the Commonwealth presented evidence that the victim of the robbery met appellant on February 3, 1975, and discussed the purchase of a stereo from one of appellant's friends. Later in the day, appellant and the victim joined a third person who was to drive them to see the stereo. While in the car, the appellant grabbed a spatula which the owner used as an ice scraper, and held the implement to the victim's throat. Appellant demanded the victim's money, punched the victim, and forced his head against the dashboard. While so positioned, the victim was relieved of $140.00 by appellant. After the scuffle, the driver demanded that appellant leave the car.

Appellant's defense was that he and the victim had been playing pool earlier in the day, that, as a result, the victim owed appellant $55.00, and that the argument and scuffle followed appellant's efforts to recover the gambling debt. The appellant denied taking any money during the altercation.

The Crimes Code defines robbery, in relevant part, as follows:

"(1) A person is guilty of robbery if, in the course of committing a theft, he:

"(i) inflicts serious bodily injury upon another;

"(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury; . . ." 18 Pa. C.S. § 3701. "In determining whether the evidence is sufficient in law to prove that a defendant is guilty beyond a reasonable doubt of the crime or crimes charged, we must, after a verdict of guilty, accept as true all of the evidence, direct or circumstantial, and all reasonable inferences arising from the evidence, upon which the trier of facts could properly have based the verdict." *Commonwealth v. Fortune*, 456 Pa. 365, 367, 318 A.2d 327, 328 (1974).

■ The victim testified that appellant demanded the victim's money. Appellant argues that the statement "give me your money," does not constitute a threat of serious bodily harm. Further, he suggests that "[a] spatula in and of itself is not a deadly weapon and never rises higher than just a household instrument. . . . From the testimony, it can be noted that there was no money taken while the spatula was placed at his throat. The victim testified that his money was taken after he bent forward and placed his hands directly on the dashboard, which was at a later time than the incident with the spatula." Appellant's proposed reading of the evidence strains common sense. Appellant forcibly intimidated his victim by violent and aggressive acts. He not only used the spatula, but also punched the victim. After the victim submitted, the appellant took money, thereby completing the intended robbery. We have no difficulty concluding that the evidence was sufficient. As argued by the Commonwealth, " . . . striking someone in the head with the fist repeatedly and holding a sharp metal object at his throat clearly is an action which gives rise to a reasonable fear of serious bodily injury."

Appellant next contends that the lower court abused its discretion because " . . . the Trial Court is following patterned sentencing, without giving individual consideration to this particular Defendant."

In *Commonwealth v. Martin*, 466 Pa. 118, 126–28, 351 A.2d 650, 655 (1976), the Supreme Court disapproved the use of fixed sentences that obviated the need for an inquiry into the individual circumstances of each case: "The record amply demonstrates that the three judges had agreed in advance that the sentence to be imposed for a sale of heroin was to be three to ten years imprisonment plus a fine, and all of the sentences were to run consecutively. In no case was a pre-sentence report ordered. No meaningful inquiry was made into the appellants' backgrounds, individual characteristics, relative culpability or prospects for rehabilitation, despite clear evidence that appellants' offenses were committed in varying circumstances. In short, all appel-

lant's sentences were based on an abstract predetermination of the sentence to be imposed for the particular offense, without regard to the individual circumstances of particular cases." (Footnote omitted). The Court held that "[a]t least two factors are crucial to [a proper sentencing decision]—the particular circumstances of the offense and the character of the defendant. . . . [R]egardless of whether a pre-sentence report is ordered, the sentencing court must at least consider these two factors in its sentencing determination." 466 Pa. at 133, 351 A.2d at 658.[2]

■ We hold that the court did not abuse its discretion in sentencing appellant. It ordered a pre-sentence report which it considered before imposing sentence. Further, it explained on the record the basis for its sentencing decision. Finally, although appellant alleges that common pleas courts in Northampton County had an established sentencing policy, we find no support for that fact in the record. It is doubtful that such a policy existed in light of the sentencing court's use of a presentence report in this case. Cf. *Commonwealth v. Martin*, supra. Therefore, we reject appellant's contention.

Appellant raises several challenges to the court's charge: (1) the court erred when it stated during the instructions that "[t]his is the Commonwealth's theory and I say to you very, very candidly, if you are convinced that that is true, there is ample testimony before you to find this defendant guilty of robbery as charged"; (2) the court erred in charging the jury that they could draw an adverse inference from the fact that appellant failed to call the pool hall attendant who might have corroborated appellant's defense; and (3) the court erred in charging on robbery without also charging on theft by extortion.[3]

2. Rule 1403 was subsequently amended to reflect the Court's holding in *Martin*. Rule 1403, Pa.R.Crim.P., 19 P.S. Appendix, as amended, June 28, 1976.

3. The Crimes Code, supra; 18 Pa.C.S. § 3923.

■ The foregoing issues are not properly before us. After the court concluded its charge, the lower court asked counsel "is there anything you wish me to add to this charge?" Following a brief sidebar discussion during which defense counsel made no objections to the charge, the court had the jury retire to begin deliberations. At that point, counsel attempted to raise objections to the court's charge.

Rule 1119(b), Pa.R.Crim.P., 19 P.S. Appendix, provides that "[n]o portions of the charge nor omissions therefrom may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate." The record makes clear that the objections were not timely, and, therefore, are waived.

■ Aware of his failure to preserve the objections to the charge, counsel argues in this Court that his failure to make timely specific objections amounted to ineffective assistance of counsel. That issue is novel and presents difficult analytical problems. However, counsel did not raise the issue in post-verdict motions; we, therefore, conclude that the issue is not properly before us.

In *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974), the Supreme Court abrogated the doctrine of basic and fundamental error. The Court indicated its view that the rules governing ineffective assistance of counsel would provide more effective review than did basic and fundamental error. Shortly after its decision, the Court decided two additional cases which refined the procedure for placing the issue of ineffective assistance before the appellate court. See *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975); *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). In *Dancer*, the Court held that failure to raise ineffective assistance of counsel on direct appeal amounted to a waiver of the claim. One of the exceptions noted in *Dancer* was "where petitioner is represented on appeal by his trial counsel, for it is unrealistic to expect trial counsel on direct appeal to argue his own ineffectiveness . . . ." 460 Pa. at 100, 331 A.2d at 438. See also, *Commonwealth v.*

*Carter,* 463 Pa. 310, 344 A.2d 846 (1975); *Commonwealth v. Pickett,* 456 Pa. 442, 321 A.2d 877 (1974).

The instant case raises a different question: if counsel does become aware of his own errant trial action, can he raise his own ineffectiveness on direct appeal?[4] For purposes of this appeal, we will assume that he can do so. However, we must decide how counsel is to raise the claim, for we note in the instant case that counsel did not raise his own ineffectiveness in post-verdict motions; he also has not contended before this Court that failure to present the issue in post-verdict motions amounted to ineffectiveness.

 In general, the law is clear that we may not consider an issue on appeal which is not properly raised in either oral or written post-trial motions. *Commonwealth v. Spriggs,* 463 Pa. 375, 344 A.2d 880 (1975); *Commonwealth v. Bailey,* 463 Pa. 354, 344 A.2d 869 (1975); *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975); Rule 1123, Pa.R. Crim.P., 19 P.S. Appendix. Further, the Supreme Court has held that counsel must raise a claim of ineffective assistance of counsel at the first possible procedural juncture. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Smallwood,* 465 Pa. 392, 350 A.2d 822 (1976); *Commonwealth v. Strachan,* 460 Pa. 407, 333 A.2d 790 (1975); *Commonwealth v. Twiggs,* supra. Thus, in *Commonwealth v. Hubbard,* supra, the Supreme Court held that it could not review a claim of ineffective assistance of counsel, because post-trial motion counsel (different from trial counsel) failed to raise the issue post-trial. The Court noted that "[a]ttacks on ineffectiveness of counsel may not be properly used as a vehicle to circumvent the consequences of failing to preserve issues for appeal." 472 Pa. at 277, n. 7,

4. We note the risk that counsel may attempt to use the device of raising his own ineffectiveness on direct appeal as a vehicle to circumvent the Court's holding in *Clair.* By raising the substantive claim under the rubric of ineffectiveness in post-verdict motions and on direct appeal counsel gets immediate review of improperly preserved issues, precisely the function served by the repudiated doctrine of basic and fundamental error, and presumably the evil the Court sought to avoid in *Clair.*

372 A.2d at 696, n. 7. In light of extensive recent Supreme Court precedent counselling against review of claims improperly preserved,[5] we hold that counsel must raise his own ineffectiveness, if he is to raise it at all, at the first available time.[6] In the instant case, counsel would have had to raise that claim in post-trial motions. Failing that, counsel could have contended before this Court that he had been ineffective in failing to file proper post-trial motions and requested the right to file post-verdict motions *nunc pro tunc.* See

**5.** See, e. g., the Supreme Court's disapproval of this Court's analysis in such cases: "Appellant contends, however, that if we conclude from the record that post-trial counsel was ineffective, we should then proceed to reach the merits of the waived issues. To support this contention appellant relies on a recent decision of the Superior Court which held:

" 'Therefore in order to consider the appellant's claim of ineffective assistance of counsel, we must look to the issues not raised in post-verdict motions to determine if they have merit. It should be noted that these are the very same issues which in the first paragraph of this opinion we said we would not consider on direct appeal. A lesson can be learned from this which could be useful to appellants who have failed to raise an issue in post-verdict motions. *All such appellant need do in order to have such substantive issue considered by this court is simply raise the issue of ineffective assistance of counsel.* The reason for such ineffectiveness of counsel would be the failure to raise the substantive issue in post-verdict motions. *If the issue had merit and it could be determined from the record that trial counsel had no reasonable basis for this failure to raise such issue in post-verdict motions, counsel would be deemed ineffective and the issue would be considered on appeal, just as if it were raised in post-verdict motions.'* Commonwealth v. Learn, 233 Pa.Super. 288, 335 A.2d 417 (1975) (emphasis added).

The italicized portions of the Superior Court opinion are clearly in error. Attacks on ineffective counsel may not be properly used as a vehicle to circumvent the consequences of failing to preserve issues for appeal. If a finding of ineffectiveness of post-trial counsel is made, the appropriate remedy is to remand the case to the trial court to allow appellant to file post-trial motions nunc pro tunc. It is not, as the Superior Court suggests, to reach the merits of the claim which has not been preserved. So to conclude would be to resurrect the discarded doctrine of 'basic and fundamental error' under the rubric of ineffective assistance of counsel. Compare *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974)." *Commonwealth v. Hubbard,* supra, 472 Pa. at 277, n. 7, 372 A.2d at 696, n. 7.

**6.** Although appellant has waived the issue on direct appeal, we express no view concerning whether appellant can gain review of the underlying claim by raising two levels of ineffectiveness. Cf. *Commonwealth v. Drummond,* 238 Pa.Super. 311, 357 A.2d 600 (1975).

*Commonwealth v. Hubbard*, supra. Because counsel did not raise the claim properly, we hold that the issue is waived.[7]

Judgment of sentence is affirmed.

JACOBS, VAN der VOORT, and SPAETH, JJ., concur in the result.

---

**7.** Counsel also failed to raise in post-trial motions the claim that the court erred in permitting the district attorney to cross-examine appellant on the whereabouts of the pool hall attendant. Similarly, the issue is waived. *Commonwealth v. Blair*, supra.