374 A.2d 1272

COMMONWEALTH of Pennsylvania

v.

**Edward Juan WRIGHT, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 23, 1977.

Decided July 8, 1977.

396

Frederic G. Antoun, Jr., Harrisburg, for appellant.

LeRoy S. Zimmerman, Dist. Atty., Marion E. Mac-Intyre, Second Asst. Dist. Atty., Harrisburg, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION

PACKEL, Justice.

This is an appeal from a dismissal without hearing of a post conviction hearing petition. After appellant's first degree murder conviction was affirmed by this Court, 458 Pa. 236, 328 A.2d 514 (1974), he filed the petition alleging ineffective assistance of trial counsel as the sole ground for relief. The court below found appellant's claim patently frivolous and without a trace of support in the record, and accordingly dismissed the petition without an evidentiary hearing.

██ Though not raised on direct appeal, the claim of ineffective trial counsel assistance was not waived, because appellant was represented at both trial and appeal by the same counsel. *Commonwealth v. Lewis,* 463 Pa. 180, 182, 344 A.2d 483, 484 (1975). We do not determine, however, whether the claim was properly denied as patently frivolous, because this case must be remanded for appointment of new counsel.

Despite the fact that the issue was not raised by appellant, the district attorney's office in its brief commendably pointed out on its own that appellant is represented on his PCHA petition by a member of the same public defender office as the attorney who represented him at trial and appeal. This practice conflicts with the holding in *Commonwealth v. Crowther,* 241 Pa.Super. 446, 361 A.2d 861 (1976), that a PCHA petitioner alleging ineffective assistance of counsel may not be represented by a member of the same office as the attorney whose ineffectiveness is alleged. The Superior Court concluded its holding was mandated by our reasoning in *Commonwealth v. Via,* 455 Pa. 373, 377, 316 A.2d 895, 898 (1974), where we held that an ineffective counsel assistance claim could not be waived by failure to raise it in a proceeding in which a defendant was represented by a member of the same office as the allegedly ineffective counsel, because the "law will not assume that counsel has advised his client of his inadequacies or those of his associates."

██ The Commonwealth contends not that *Crowther, supra,* is wrong, but distinguishable, because in this case appellant's current attorney started working at the defender office after the earlier attorney had stopped working there, so there would be no danger of partiality of appellant's current attorney toward the earlier attorney with whom he had not associated personally. We, however, not only agree with the Superior Court's holding in *Crowther,* but also reject the distinction urged by the

Commonwealth. A PCHA petitioner alleging ineffective assistance of counsel may not be represented by an attorney from the same office as the allegedly ineffective attorney, regardless of the fact that one started working there after the other left. The later attorney, by reason of his association with the same office, still has an appearance of a conflict of interest threatening his duty of zealous advocacy.

We therefore remand this case with the direction that new counsel, other than a public defender, be appointed to represent appellant on his petition.