389 A.2d 58

**COMMONWEALTH of Pennsylvania**

v.

**James Allen GARDNER, Appellant.**

⹁ Supreme Court of Pennsylvania.

Submitted May 22, 1978.

Decided July 14, 1978.

8

Raymond R. Smith, York, for appellant.

Sheryl Ann Dorney, Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

A jury convicted appellant, James Gardner, of murder of the first degree. Appellant was represented at trial by retained counsel. The trial court denied appellant's post-verdict motions. Appellant, represented again by trial counsel, contends that (1) the verdict is not supported by sufficient evidence; (2) an incriminating statement he gave police should have been suppressed; (3) the system of selecting jurors at his trial unconstitutionally excluded blacks; and (4) trial counsel was ineffective for failing to object to the court's jury charge. We remand to afford appellant an opportunity to select new counsel or, if eligible, for appointment of counsel. We therefore do not reach the merits of the issues raised.[*]

 Appellant did not raise ineffectiveness of trial counsel on post-verdict motions. He has not waived that issue, however, because he was represented on post-verdict motions by his trial counsel. Failure to raise a claim of ineffectiveness of trial counsel does not constitute a waiver

[*] We hear this appeal pursuant to the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1978).

of the issue where an appellant is represented by trial counsel. *Commonwealth v. Fox,* 476 Pa. 475, 383 A.2d 199 (1978).

█ When an appellant raising ineffectiveness of appointed trial counsel is represented on appeal by the same counsel, he is entitled to a remand for appointment of new counsel not associated with trial counsel unless ineffective assistance of counsel is clear on the face of the record. *Commonwealth v. Patrick,* 477 Pa. 284, 383 A.2d 935 (1978); *Commonwealth v. Fox,* supra; *Commonwealth v. Sherard,* 477 Pa. 429, 384 A.2d 234 (1977); *Commonwealth v. Wright,* 473 Pa. 395, 374 A.2d 1272 (1977). "In such circumstances, it cannot 'be assumed that appellate counsel will provide the zealous advocacy to which an appellant is entitled.'" *Commonwealth v. Patrick,* 477 Pa. at 287, 383 A.2d at 936, quoting *Commonwealth v. Fox,* 476 Pa. at 479, 383 A.2d at 200.

█ No less is an accused entitled to this "zealous advocacy" when he has obtained private counsel. The accused enjoys the same right to effective representation whether his counsel is appointed or privately retained. *Commonwealth ex rel. Neal v. Myers,* 424 Pa. 576, 227 A.2d 845 (1967); *Commonwealth ex rel. Stevens v. Myers,* 424 Pa. 377, 227 A.2d 649 (1967); accord, *Moore v. United States,* 432 F.2d 730 (3rd Cir. 1970); *Mason v. Balcom,* 531 F.2d 717 (5th Cir. 1976), reh. denied, 534 F.2d 1407 (1976); *People v. Virgil,* 54 Ill.App.3rd 682, 12 Ill.Dec. 451, 370 N.E.2d 74 (1977); *Bowen v. State,* 263 Ind. 558, 334 N.E.2d 691 (1975); *State v. Moss,* 185 Neb. 536, 177 N.W.2d 284 (1970); *Baxter v. Rose,* 523 S.W.2d 930 (Tenn.1975); *Newton v. State,* 456 S.W.2d 939 (Tex.Ct.Cr.App.1970); *In re King,* 133 Vt. 245, 336 A.2d 195 (1975); *State v. Hess,* 12 Wash.App. 787, 532 P.2d 1173 (1975), aff'd, 86 Wash.2d 51, 541 P.2d 1222 (1975); *State v. Harper,* 57 Wis.2d 543, 205 N.W.2d 1 (1973); ABA Project on Standards for Criminal Justice, Standards Relating to the Prosecution and the Defense Function, The Defense Function § 3.9 (Approved Draft, 1971). Thus, if appointed counsel on appeal is deemed unlikely to provide effective repre-

sentation in advocating his own ineffectiveness at trial, retained counsel in the same circumstances should be regarded as equally unsatisfactory.

Accordingly, when an appellant raising ineffectiveness of retained trial counsel is represented on appeal by the same counsel, the proper procedure is to remand to permit him an opportunity to select new counsel not associated with trial counsel. The appellant, of course, need not acquire new counsel, for every person has a right to retain counsel of his choice. *Commonwealth v. Robinson*, 468 Pa. 575, 364 A.2d 665 (1976); *Commonwealth v. Ross*, 465 Pa. 421, 350 A.2d 836 (1976). But before an appellant decides to retain his counsel, he should be made aware of the dangers and possible disadvantages of proceeding with counsel he asserts is ineffective. Therefore, on remand, the court should inform the appellant of the facts necessary to ensure that his decision is knowing and intelligent. Cf. *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975) (defendant desiring to represent himself must be aware of dangers involved in foregoing counsel); *Commonwealth v. Tyler*, 468 Pa. 193, 360 A.2d 617 (1976) (same); see also *Commonwealth v. Cathey*, 477 Pa. 446, 384 A.2d 589 (1978) (court must inform defendant of appellate rights); *Commonwealth v. Kulp*, 476 Pa. 358, 382 A.2d 1209 (1978) (waiver of right to trial invalid unless court probes defendant's knowledge and understanding of right to trial).

Because ineffective assistance of appellant's trial counsel is not apparent from the record, we remand to the trial court to permit appellant, if he desires, to select new counsel, not associated with trial counsel, to represent him on the issue of ineffectiveness of trial counsel and any other issue properly preserved for appellate review. *Commonwealth v. Patrick*, supra; *Commonwealth v. Fox*, supra. If eligible, appellant may instead request the court to appoint new counsel for this purpose.

Remanded for proceedings consistent with this opinion.

LARSEN, J., concurs in the result.

POMEROY, J., files a dissenting opinion.

12

POMEROY, Justice, dissenting.

Several practical and conceptual problems raised by today's decision lead me to dissent from the Court's disposition of this case.

I have no quarrel with the majority's conclusion that retained counsel, like appointed counsel, should not be expected to argue his own ineffectiveness as trial counsel while he continues to represent his client on direct appeal. Indeed, it is clear in this case that the ineffectiveness issue, if raised by other, new, counsel (whether appointed or retained) at the first available later opportunity, would not be deemed waived under the rationale of *Commonwealth v. Dancer*, 460 Pa. 95, 100, 331 A.2d 435 (1975), and its progeny. Rather than permit the issue to be raised in the normal course, however, the Court *sua sponte* remands to the trial court to permit appellant to decide whether he wishes the issue to be presented on appeal by the same lawyer who now asserts that he did not render effective assistance at trial. Presumably this choice is to be given appellant because the majority believes that, in exercising his right to be represented by the counsel of his choice, appellant may choose to accept "the dangers and possible disadvantages of proceeding with counsel he asserts is [sic] ineffective." Opinion of the Court, *ante* at 11.

It may be assumed that one of the dangers referred to is that "it is unrealistic to expect trial counsel on direct appeal to argue his own ineffectiveness," *Commonwealth v. Dancer, supra*. It is this concern which has caused this Court to require in several recent decisions that new counsel be selected. *Commonwealth v. Wright*, 473 Pa. 395, 374 A.2d 1272 (1977); *Commonwealth v. Sherard*, 477 Pa. 429, 384 A.2d 234 (1977); *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Patrick*, 477 Pa. 284, 383 A.2d 935 (1978). Apart from the presumption that allegedly ineffective counsel cannot provide his appellant-client—and, one might add, the appellate court—with "zealous advocacy," *Commonwealth v. Fox, supra*, 476 Pa. at 479, 383 A.2d at 200, on the issue of ineffectiveness, the Court does not

indicate what the other dangers might be. In particular, the majority does not address the crucial question of whether other claims involving the first counsel's effectiveness both at trial and on appeal—normally cognizable via new counsel in collateral (i. e., PCHA) proceedings—might be deemed waived by a defendant's informed and intelligent choice to proceed on direct appeal with trial counsel despite the possibility that that lawyer will provide less than adequate appellate representation. If such additional instances of ineffectiveness are to be deemed waived because not raised at the first available opportunity, see *Commonwealth v. Dancer, supra,* the result will be inconsistent with the rationale that the claim could not have been properly presented at the first instance.* If, however, such claims are not deemed waived, the Court will have introduced a further complication in the already labyrinthine procedures under *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975), and cases in its train, for resolution of ineffectiveness claims at the appellate court level. The absence of any guidance on this question in the Court's opinion makes it difficult for me to see how the trial court on remand can properly advise the appellant so that he can make an informed decision as to whether his trial lawyer should also be his appellate lawyer, a decision which could be tantamount to a waiver of effective counsel on appeal.

Two other aspects of today's disposition are, in my view, at variance with the concept of fairness to the defendant and with the goal of judicial economy that should mark criminal appellate jurisprudence. The first is the Court's

---

* Thus, while errors of counsel not raised at the first available opportunity might be considered waived, our decisions in the *Dancer* line of cases have recognized that ineffective representation by counsel is an "extraordinary circumstance" justifying a defendant's failure to assert an issue at the earliest opportunity. See the Post-Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, § 4(b)(2), 19 P.S. § 1180–4(b)(2). Should the defendant, however, following a remand as ordered by the majority, knowingly decide to proceed with potentially incompetent counsel, it is arguable that any ineffectiveness of that lawyer is not "extraordinary" but rather a risk contemplated and accepted by the defendant and therefore waived as a ground for relief in any future proceedings.

refusal to decide any of the three substantive issues that are presented for our review. The sufficiency of the evidence claim, if meritorious, would entitle appellant to a discharge from custody; and the two other claims, if meritorious, would entitle him to a new trial now. I do not understand that counsel's presumed inability to argue with zeal his own trial mistakes extends to other issues on appeal which, so far as one knows, he could argue as effectively as anyone. In these circumstances, to remand for a proceeding at which the appellant shall decide whether new counsel is to be selected to press an additional issue (ineffectiveness), the judgment of sentence remaining in effect meanwhile, seems to me to be not in appellant's best interests and to be inconsistent with our practice in prior cases, e. g., *Commonwealth v. Twiggs, supra, Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977), in which we have resolved all properly preserved issues before remanding to the lower court for further action on ineffectiveness claims.

The remaining troublesome aspect of today's decision is the majority's unstated premise that the issue of appellate counsel's own ineffectiveness at trial should be entertained at this stage although it was not raised in the court below on post-trial motions. In a case presenting exactly the same circumstances as those present here, the Superior Court has held that counsel would not be permitted to raise his own ineffectiveness on direct appeal when he had not presented that issue at the first opportunity available to him, *viz.*, in the trial court on post-verdict motions. *Commonwealth v. Matt*, 249 Pa.Super. 98, 375 A.2d 777 (1977). This holding serves an appellate court's important interest in having issues resolved first by the trial court. *See, e. g., Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974); *Commonwealth v. Blair*, 460 Pa. 31, 33 n.1, 331 A.2d 213, 214 n.1 (1975); Pa.R.Crim.P. 1119(b), 1123(a), (effective Sept. 1, 1977). I would apply that principle in this case and would consider now the issues properly preserved on this appeal, leaving the ineffectiveness issue to be resolved, if necessary, under normal post-conviction procedures. Accordingly, I dissent.