408 A.2d 495

**COMMONWEALTH of Pennsylvania**

**v.**

**Thomas ROACH, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Filed Aug. 3, 1979.

Robert R. Redmond, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, HESTER and HOFFMAN, JJ.

PER CURIAM:

On this appeal from the lower court's order denying him relief after a hearing under the Post Conviction Hearing Act ("PCHA"),[1] appellant contends *inter alia* that the attorney who represented him at the PCHA hearing was ineffective in various ways, including failing to offer other evidence and to file a written memorandum in support of his claims. Appellant's counsel on this appeal is the same attorney who represented him at the PCHA hearing.

In *Commonwealth v. Fox,* 476 Pa. 475, 478, 383 A.2d 199, 201 (1978), our Supreme Court held that when an appellant raising ineffectiveness of counsel is represented on appeal by that same counsel, we should entertain the claim only if reversible error is apparent on the record; if the claim is not apparent on the face of the record then we must remand for appointment of new counsel not associated with the allegedly ineffective counsel. *See Commonwealth v. Glasco,* 481 Pa. 490, 393 A.2d 11 (1978); *Commonwealth v. Patrick,* 477 Pa. 284, 383 A.2d 935 (1978). "The appellant, of course, need not acquire new counsel, for every person has a right to retain counsel of his choice. . . . But before an appellant decides to retain his counsel, he should be made aware of the dangers and possible disadvantages of proceeding with counsel he asserts is ineffective. Therefore, on remand, the court should inform the appellant of the facts necessary to ensure that his decision is knowing and intelli-

1. Act of January 25, 1966, P.L. 1580, § 1 et seq., 19 P.S. § 1180–1 et seq.

gent. . . . " *Commonwealth v. Gardner*, 480 Pa. 7, 11, 389 A.2d 58, 60 (1978).

In the instant case, ineffective assistance of appellant's PCHA hearing counsel is not apparent from the record. Accordingly, "we remand to the [lower] court to permit appellant, if he desires, to select new counsel, not associated with [PCHA hearing] counsel, to represent him on the issue of [PCHA hearing counsel's ineffectiveness] and any other issue properly preserved for appellate review. If eligible, appellant may instead request the court to appoint new counsel for this purpose." *Commonwealth v. Gardner, supra*, 480 Pa. at 11, 389 A.2d at 60 (citations omitted).

Remanded for proceedings consistent with this opinion.