415 A.2d 908

### COMMONWEALTH of Pennsylvania

v.

### Thomas C. BROWN, Appellant.

Superior Court of Pennsylvania.

Submitted April 12, 1979.

Filed Dec. 5, 1979.

Lester G. Nauhaus, Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Assistant District Attorney, Pittsburgh, for appellee.

Before CERCONE, President Judge, and WIEAND and LIPEZ, JJ.

PER CURIAM:

Appellant, represented by a public defender, was convicted in 1969 of burglary, larceny and receiving stolen goods, and was given a general sentence of three-and-a-half to ten

years. On direct appeal, in which appellant was represented by another public defender, this court affirmed per curiam. The Supreme Court denied allocatur. In 1977 appellant filed a pro se PCHA petition, and a third public defender was appointed to represent him. The petition was denied, and the third public defender still represents appellant in this appeal from that denial.

Appellant's contentions are: (1) that he is entitled to the benefit of *Commonwealth v. Owens*, 441 Pa. 318, 271 A.2d 230 (1970) (plurality opinion), which invalidated the presumption from a showing of possession of recently stolen goods that the possessor knew that the goods were stolen; (2) that the trial judge erred in failing to instruct the jury that there was no presumption that, because appellant was in possession of recently stolen goods, he knew they were stolen; (3) that appellate counsel was ineffective, (a) for failing to raise *Commonwealth v. Owens, supra*, which was handed down while appellant's direct appeal was pending, and (b) for failing to argue that trial counsel was ineffective for failing to raise the argument accepted by the plurality in *Commonwealth v. Owens, supra*; and (4) trial counsel was ineffective for failing to object to the single, general sentence given on all three convictions, including the larceny and receiving stolen goods, which had been joined in the same indictment.

Inasmuch as appellant, in alleging the ineffectiveness of trial counsel and the first appellate counsel, both of whom were from the same public defender's office, is represented on this appeal by counsel from that same public defender's office, we remand for appointment of other counsel, not associated with the public defender, to represent him on the ineffectiveness contention, as well as any other issues not waived or finally litigated. *Commonwealth v. Sherard*, 477 Pa. 429, 384 A.2d 234 (1977); *Commonwealth v. Wright*, 473 Pa. 395, 374 A.2d 1272 (1977).

Case remanded for appointment of new counsel.