419 A.2d 671

**COMMONWEALTH of Pennsylvania**

v.

**Terry BOYER, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 14, 1979.

Filed April 3, 1980.

Ronald P. Rusinak, Ebensburg, for appellant.

D. Gerard Long, District Attorney, Ebensburg, submitted briefs on behalf of the Commonwealth, appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

PER CURIAM:

The Court of Common Pleas of Cambria County held that the verdict finding appellant guilty of neglect to support a bastard (18 Pa.C.S.A. § 4323) was not against the weight of the evidence. Therefore, appellant's *nunc pro tunc* motions for new trial and in arrest of judgment were denied. Among appellant's arguments on this appeal is the claim that he was denied effective assistance of counsel at trial because of his counsel's failure to file an application pursuant to Pa.R.Crim.P. 1100(f).

At trial appellant was represented by Stephen L. Dugas, assistant public defender of Cambria County. On this appeal, appellant is represented by Ronald P. Rusinak, another assistant public defender of Cambria County. When an appellant raising the ineffectiveness of trial counsel is represented by appointed counsel from the same office that represented him at trial, the proper procedure is to remand for the appointment of new counsel not associated with trial counsel. *Commonwealth v. Patrick*, 477 Pa. 284, 383 A.2d 935 (1978); *Commonwealth v. Wright*, 473 Pa. 395, 374 A.2d 1272 (1977); *Commonwealth v. Crowther*, 241 Pa.Super. 446, 361 A.2d 861 (1976) (SPAETH, J. concurring opinion). Appellant may, however, chose to retain his counsel provided he is made aware of the dangers and possible disadvantages of proceeding with counsel whom he asserts is ineffective. Therefore, on remand, the court should inform appellant of the facts necessary to ensure that his decision is an intelli-

gent one, voluntarily made. *Commonwealth v. Gardner*, 480 Pa. 7, 389 A.2d 58 (1978); *Commonwealth v. Roach*, 268 Pa.Super. 340, 408 A.2d 495 (1979).

Case remanded in accordance with this opinion.