419 A.2d 1184

**COMMONWEALTH of Pennsylvania**

v.

**Jeffrey Michael JELLOTS, Appellant.**

Superior Court of Pennsylvania.

Submitted April 11, 1977.

Filed April 3, 1980.

Thomas P. Ruane, Jr., Assistant Public Defender, Uniontown, for appellant.

Conrad B. Capuzzi, District Attorney, Uniontown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

Appellant was convicted of robbery, 18 C.P.S.A. § 3701, and theft by unlawful taking or disposition, 18 C.P.S.A. § 3921. Notice of appeal was timely filed, but appellant's counsel subsequently asked leave of this court to withdraw from further representation of appellant; counsel claimed that no issues were "present in the record on which counsel could reasonably base an argument with a chance of securing relief." In *Commonwealth v. Jellots*, 254 Pa.Super. 18, 385 A.2d 502 (1978), we denied this request and directed appellant's counsel to file an advocate's brief on the merits. Counsel then filed a brief challenging the legality of appel-

lant's sentence and the effectiveness of appellant's trial counsel. However, in *Commonwealth v. Jellots*, 262 Pa.Super. 17, 396 A.2d 461 (1978), we declined to reach the merits of these claims and directed appellant's counsel to file a second brief raising all of the issues that had been included in appellant's post–verdict motions and were thus preserved for appeal. Counsel has filed the requested brief.

■ Appellant first argues that the evidence was insufficient to support his convictions. He does not argue that the Commonwealth failed to prove an essential element either of robbery or of theft, but rather that the Commonwealth's identification evidence was insufficient. In deciding this issue, we must, of course, read the evidence in the light most favorable to the Commonwealth, giving the Commonwealth the benefit of all reasonable inferences arising from the evidence. *E. g., Commonwealth v. Pride*, 450 Pa. 557, 450 A.2d 557 (1973); *Commonwealth v. Jones*, 231 Pa.Super. 300, 332 A.2d 464 (1974). So read, the evidence is that appellant was unequivocally identified by three persons: the victim of the robbery (who also testified that he had seen appellant on several occasions prior to the incident), and two other persons who saw appellant enter the victim's taxi minutes before the commission of the crime.

■ Appellant next argues that his conviction was against the weight of the evidence, and that the lower court erred in refusing to allow the *Commonwealth* to introduce the on–the–scene description of his assailant that the victim gave the police before appellant's arrest. The weight of the evidence, however, was an issue for the jury to determine, and although appellant introduced an alibi defense, the jury obviously did not believe it. Moreover, a review of the record shows that the defense was seriously undermined by the Commonwealth's rebuttal evidence. As for the court's refusal to allow the introduction of the victim's on–the–scene description of his assailant, we note that appellant's counsel failed to object to the exclusion.

■ Appellant next argues that his sentence is illegal. On his robbery conviction the lower court sentenced appellant to

pay the costs of prosecution, make restitution, forfeit the sum of $200.00 for the use of the County of Fayette, and undergo imprisonment for a period of not less than four nor more than eight years. The court then imposed the same sentence on appellant's theft conviction. We agree with appellant that the latter sentence was improper. Appellant's theft conviction was a lesser included offense of his robbery conviction, *see Commonwealth v. Ostolaza*, 267 Pa. Super. 451, 406 A.2d 1128 (1979); *Commonwealth v. Stevens*, 237 Pa.Super. 457, 352 A.2d 509 (1975), and therefore merged into it. As a result, appellant could not receive an additional sentence for theft. *Commonwealth v. Nelson*, 452 Pa. 275, 305 A.2d 369 (1973); *Commonwealth v. Brooks*, 242 Pa.Super. 7, 363 A.2d 1132 (1976). Appellant's sentence for theft must therefore be vacated. We have concluded, however, that we need not remand for resentencing on appellant's robbery conviction, since the sentencing transcript shows that the lower court was not influenced by appellant's theft conviction in imposing sentence on his robbery conviction. *See Commonwealth v. Jeter*, 273 Pa.Super. 83, 416 A.2d 1100 (1979); *Commonwealth v. Grant*, 235 Pa.Super. 357, 341 A.2d 511 (1975); *Commonwealth v. Lockhart*, 223 Pa.Super. 60, 296 A.2d 883 (1972).

Appellant's last argument is that his trial counsel was ineffective for failing to object to leading questions that the district attorney asked the victim and to the court's exclusion of the victim's on–the–scene description of his assailant, and for failing to poll the jury. Unfortunately, we are unable to consider these claims at this time. Both at trial and on this appeal appellant has been represented by the public defender's office of Fayette County. While this court will entertain a claim of ineffectiveness of counsel where the defendant has been represented at all times by the same public defender office if reversible error is apparent on the record, we will not reject such a claim without allowing appellant the opportunity to accept the appointment of new counsel who is unassociated with the public defender office. *Commonwealth v. Patrick*, 477 Pa. 284, 383

A.2d 935 (1978); *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Wright*, 473 Pa. 395, 374 A.2d 1272 (1977). Here trial counsel's ineffectiveness is not apparent from the record. We must therefore remand the case so that new counsel, not a member of the Fayette County Public Defender's Office, may be appointed to represent appellant on the issue of the ineffectiveness of trial counsel.* Furthermore, in the interest of judicial economy, we direct that upon the appointment of new counsel, the lower court shall conduct a hearing on all claims of trial counsel's ineffectiveness and render a decision thereon. Any party aggrieved by the lower court's order may then file a new appeal to this court challenging the lower court's determination.

Case remanded for further proceedings consistent with this opinion.

PRICE, J., dissents.

JACOBS, J., did not participate in this decision.

---

* Of course, on remand, appellant has the right to keep his present counsel, provided the lower court informs him of the dangers and possible disadvantages of proceeding with counsel whom he asserts is ineffective, and otherwise ensures that appellant's decision is knowing and intelligent. *Commonwealth v. Gardner*, 480 Pa. 7, 389 A.2d 58 (1978); *Commonwealth v. Boyer*, 277 Pa.Super. 82, 419 A.2d 671 (1980).