421 A.2d 308

COMMONWEALTH of Pennsylvania,

v.

Anthony BUTLER, Appellant.

Superior Court of Pennsylvania.

Submitted June 27, 1978.

Filed Aug. 8, 1980.

Raymond E. Kumor, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

HOFFMAN, Judge:

Appellant contends that several instances of trial counsel ineffectiveness warrant the grant of a new trial. We do not, however, reach the merits of appellant's claims of ineffectiveness. Instead, for the reasons which follow, we remand to allow for the appointment of new counsel.

On April 5, 1977, after a jury trial, appellant was found guilty of aggravated assault, simple assault, possession of an instrument of crime generally, and criminal conspiracy. Following denial of post–verdict motions, the lower court sentenced appellant to prison terms of five to ten years on the assault and conspiracy convictions and one to two years

on the possession conviction, all sentences to run concurrently. This appeal followed:

Appellant contends that his trial counsel was ineffective for (1) failing to request a *Bighum* hearing;[1] (2) failing to represent appellant properly during a *Bighum* hearing initiated by the prosecutor; (3) failing to call appellant's mother as a defense witness; and (4) failing to request an instruction advising the jury to view the Commonwealth's identification evidence with caution.[2] We note, however, that appellant is represented on appeal by the same attorney who represented him at trial. In *Commonwealth v. Gardner*, 480 Pa. 7, 389 A.2d 58 (1978), our Supreme Court stated that

> [w]hen an appellant raising ineffectiveness of appointed trial counsel is represented on appeal by the same counsel, he is entitled to a remand for appointment of new counsel not associated with trial counsel unless ineffective assistance of counsel is clear on the face of the record. *Commonwealth v. Patrick*, 477 Pa. 284, 383 A.2d 935 (1978); *Commonwealth v. Fox*, [476 Pa. 475, 383 A.2d 199 (1978)]; *Commonwealth v. Sherard*, 477 Pa. 429, 384 A.2d 234 (1977); *Commonwealth v. Wright*, 473 Pa. 395, 374 A.2d 1272 (1977). "In such circumstances, it cannot 'be assumed that appellate counsel will provide the zealous advocacy to which an appellant is entitled.'" *Commonwealth v. Patrick*, 477 Pa. at 287, 383 A.2d at 936, quoting *Commonwealth v. Fox*, 476 Pa. at 479, 383 A.2d at 200.

*Id.*, 480 Pa. at 10, 389 A.2d at 59.

In the present case trial counsel's ineffectiveness is not clear on the face of the record. Accordingly, we remand the case to the trial court for appointment of new counsel not associated with trial counsel to represent appellant on the

1. *See Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973), in which our Supreme Court set forth the considerations governing the admissibility of evidence of prior convictions for the purpose of impeaching a defendant who testifies in his own behalf.

2. *See Commonwealth v. Kloiber*, 378 Pa. 412, 106 A.2d 820, *cert. denied*, 348 U.S. 875, 75 S.Ct. 112, 99 L.Ed. 688 (1954). *See also Commonwealth v. Mouzon*, 456 Pa. 230, 318 A.2d 703 (1974).

issue of ineffectiveness of trial counsel and any other issue properly preserved for appellate review.[3]

Remanded for proceedings consistent with this opinion.

JACOBS, former President Judge did not participate in the consideration or decision of this case.

**3.** Of course, should appellant desire to retain current appellate counsel, he must be permitted to do so. " 'But before an appellant decides to retain his counsel, he should be made aware of the dangers and possible disadvantages of proceeding with counsel he asserts is ineffective. Therefore, on remand, the court should inform the appellant of the facts necessary to ensure that his decision is knowing and intelligent. . . .' *Commonwealth v. Gardner,* 480 Pa. 7, 389 A.2d 58, 60 (1978)." *Commonwealth v. Roach,* 268 Pa.Super. 340, 341, 408 A.2d 495, 496 (1979). *See also Commonwealth v. Jellotts,* 277 Pa.Super. 358, 419 A.2d 1184 (1980); *Commonwealth v. Boyer,* 277 Pa.Super. 82, 419 A.2d 671 (1980); *Commonwealth v. Harrison,* 275 Pa.Super. 249, 418 A.2d 706 (1980).