**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEXANDER ASENOV VITTONE | : | |
| | : | |
| Appellant | : | No. 726 MDA 2019 |

Appeal from the Judgment of Sentence Entered February 27, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000038-2018

BEFORE:   OLSON, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:          **FILED: JUNE 8, 2020**

Alexander Asenov Vittone (Appellant) appeals from the judgment of sentence imposed after he pled guilty to one count of driving under the influence (DUI) and two counts of aggravated assault by vehicle while DUI.[1] Upon review, we remand with instructions.

On August 20, 2017, while driving on Yocumtown Road in York County, Appellant crossed into the opposite lane, causing a head-on collision and seriously injuring the occupants of the other vehicle.  Affidavit of Probable Cause, 12/1/17.  It was later determined that at the time of the collision, Appellant had a blood alcohol content (BAC) of 0.152%.  ***Id.***

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802(b) and 3735.1(a).

On August 3, 2018, Appellant pled guilty to the above crimes. On February 27, 2019, the trial court sentenced Appellant to an aggregate 18 to 36 months of incarceration. Appellant filed a timely post-sentence motion, which the trial court denied on April 3, 2019. This appeal followed. Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents a single issue for review:

> Did the sentencing court properly consider the criteria stated in Section 9725 when it sentenced [A]ppellant to total confinement for not less than 18 months, nor more than 36 months[?]

Appellant's Brief at 4.

Appellant challenges the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Id.* We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted).

The briefing requirement for the allowance of appeal is set forth in Pa.R.A.P. 2119(f) as follows:

> An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

Pa.R.A.P. 2119(f).

Rule 2119(f) requires that the concise statement contain a "plausible argument." **Commonwealth v. Goggins**, 748 A.2d 721, 727 (Pa. Super. 2000). The concise statement must specify "where the sentence falls in relation to the sentencing guidelines and what particular provision of the code it violates." **Id.** Additionally, the statement must specify "what fundamental norm the sentence violates and the manner in which it violates that norm." **Id.** If the statement meets these requirements, this Court can decide whether a substantial questions exits. **Id.**

In **Commonwealth v. Tuladziecki**, 522 A.2d 17 (Pa. 1987), the Pennsylvania Supreme Court held that inclusion of a Rule 2119(f) statement is a procedural requirement. This Court subsequently explained:

> when the appellant has not included a Rule 2119(f) statement and the appellee has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate, or enforce the requirements of Pa.R.A.P. 2119(f) *sua sponte, i.e.,* deny allowance of appeal. However, this option is lost if the appellee objects to a 2119(f) omission. In such circumstances, this Court is precluded from reviewing the merits of the claim and the appeal must be denied.

***Commonwealth v. Kiesel***, 854 A.2d 530, 533 (Pa. Super. 2004) (citations omitted).

Here, Appellant failed to include a Rule 2119(f) statement in his brief, and the Commonwealth has objected. Appellant's Brief at 1-9; Commonwealth Brief at 13. Thus, we may not review Appellant's sentencing claim. Moreover, because Appellant has waived his only claim, we are constrained, pursuant to ***Commonwealth v. Rosado***, 150 A.3d 425 (Pa. 2016), to find that Appellant's counsel was *per se* ineffective for failing to include a Rule 2119(f) statement in Appellant's brief. Our Supreme Court explained:

> The Sixth Amendment to the United States Constitution provides that "in all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The right to counsel is not a mere hollow formality satisfied by trial alongside a person who happens to be a lawyer, but, instead, is the right to the effective assistance of counsel.

> Generally, an accused asserting that he has been denied his constitutional right to effective assistance of counsel must demonstrate that counsel engaged in errors which caused him prejudice—i.e., that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different . . . However, in certain limited circumstances, including the actual or constructive denial of counsel, prejudice may be so plain that the cost of litigating the issue of prejudice is unjustified, and a finding of ineffective assistance of counsel *per se* is warranted.

> \* \* \*

> [T]his Court has . . . held that **errors which *completely* foreclose appellate review amount to a constructive denial of counsel and thus ineffective assistance of counsel *per***

*se*, whereas those which only *partially* foreclose such review are subject to the ordinary [***Strickland v. Washington***, 104 S. Ct. 2052 (U.S. 1984)]/[***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987)] framework.

***Rosado***, 150 A.3d at 431-32, 438-39 (some citations and footnotes omitted, emphasis added).

In sum, counsel's failure to include a Rule 2119(f) statement in Appellant's brief has resulted in waiver, and therefore, "counsel has forfeited all meaningful appellate review." ***Id.*** at 440; ***see also Commonwealth v. Parrish***, 224 A.3d 682, 695 (Pa. 2020) (counsel's failure to file a petition for allowance of appeal requested by defendant causing loss of the right to seek discretionary review is *per se* ineffective assistance of counsel). Thus, Appellant has been denied the assistance of counsel.[2] Because counsel was *per se* ineffective, we are constrained to remand this case to the trial court to afford Appellant the opportunity to perfect his appeal. Upon remand, the trial court shall, within 30 days of this decision, determine whether Appellant wishes to proceed with private counsel, or if Appellant can no longer afford private counsel, request that the trial court appoint counsel, or proceed *pro se*.[3] The trial court shall communicate the outcome of its determination to the

---

[2] ***See Commonwealth v. Gardner***, 389 A.2d 58, 59 (Pa. 1978) ("The accused enjoys the same right to effective representation whether his counsel is appointed or privately retained.") (citations omitted).

[3] In the event Appellant would want to procced *pro se*, the court would need to conduct a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

- 5 -

Superior Court Prothonotary within the 30 day period, and thereafter, the Superior Court Prothonotary shall issue a new briefing schedule.

Case remanded with instructions. Jurisdiction retained.

Judge Colins joins the memorandum.

Judge Olson files a dissenting memorandum.