J-A13002-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
SCOTT ALAN WEAVER :
:
Appellant : No. 371 MDA 2022

Appeal from the Judgment of Sentence Entered September 2, 2021
In the Court of Common Pleas of Perry County Criminal Division at
No(s): CP-50-CR-0000209-2019

BEFORE: BOWES, J., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.: **FILED AUGUST 11, 2023**

Scott Alan Weaver appeals from his judgment of sentence of an aggregate term of five to eighteen months of incarceration plus two years of probation imposed after a jury convicted him of several crimes in connection with the misuse of his power as manager of Marysville Borough. We affirm.

Between 2015 and 2018, Appellant ordered on behalf of and for the Borough nearly $30,000 in maintenance supplies that were overpriced and/or unnecessary from two companies in Florida.[1] In turn, the companies sent gift

_____

[*] Former Justice specially assigned to the Superior Court.

[1] For example, Appellant ordered cases of wasp and hornet spray at $25 per can when it could have been purchased at a retail store for $6 to $8 per can. **See** Commonwealth's Exhibit 1; N.T. Trial, 4/22/21, at 54-55. Also, from January to May 2016, Appellant spent $4,280 on what amounted to a twenty-
(Footnote Continued Next Page)

cards to Appellant at his Borough office for amounts ranging from $40 to $125. Appellant gave some of the cards away as gifts and redeemed $520 worth for himself in October 2018.

On May 24, 2019, Appellant was charged by criminal complaint with violating § 1103(a) and (c) of the Public Official and Employee Ethic Act,[2] theft by unlawful taking, and commercial bribery. Appellant pled guilty to one count of theft by unlawful taking and eight counts of commercial bribery on January 14, 2020, but successfully moved to withdraw his plea prior to sentencing. He proceeded to a jury trial and was convicted of all four counts in the original complaint.

Following a pre-sentence investigation, Appellant, represented by new counsel, was sentenced as indicated above on September 2, 2021. His post-sentence motion was denied by order of February 3, 2022. This timely appeal followed, and both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant presents the following questions for our consideration:

> [1.] Did the trial court err in denying [Appellant's] post-sentence motion when the jury instruction in [Appellant]'s case resulted in a verdict that incorporated irreconcilable and necessarily erroneous conclusions of law and fact – that the same property was both the property of [Appellant],

---

four-year supply of Diesel Clean. **See** Commonwealth's Exhibit 1 (evincing the purchase of forty-eight five-gallon buckets of Diesel Clean); N.T. Trial, 4/22/21, at 74 (testimony that it took approximately six months to deplete one bucket of the product).

[2] That statute, 65 Pa.C.S. § 1103, is discussed more fully *infra*.

- 2 -

received as a kickback, and the property of Marysville Borough stolen by [Appellant] – and is [Appellant] entitled to a new trial because of this clear and fundamental error?

[2.]   Did the trial court abuse its discretion in concluding that the jury's verdict was not against the weight of the evidence when the verdict was necessarily founded on irreconcilable and erroneous conclusions of law and fact?

[3.]   Did the trial court err in denying [Appellant]'s [claim pursuant to **Brady v. Maryland**, 373 U.S. 83 (1963),] when the court found that the first element of a **Brady** claim requires that the evidence in question be exculpatory, and further found that the evidence at issue in [Appellant]'s case was exculpatory, but nevertheless ruled that the claim did not warrant further consideration, and should this Court remand [Appellant]'s case for further proceedings regarding the **Brady** claim if it declines to grant relief on his other claims on appeal?

Appellant's brief at 5 (cleaned up).

Appellant's first issue concerns the trial court's instructions to the jury.

Accordingly, the following principles guide our review:

When reviewing a challenge to a jury instruction, we review the charge as a whole to determine if it is fair and complete. The trial court commits an abuse of discretion only when there is an inaccurate statement of the law. A charge is considered adequate unless the jury was palpably misled by what the trial judge said or there is an omission which is tantamount to fundamental error.

**Commonwealth v. Lake**, 281 A.3d 341, 347 (Pa.Super. 2022) (cleaned up).

Critically, in order to preserve an appellate challenge to jury instructions, the objections must be made at trial before the jury begins deliberations. **See** Pa.R.Crim.P. 647(C) ("No portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate."); Pa.R.A.P. 302(b) (providing that, to

preserve an exception to the jury charge for appeal, "[s]pecific exception shall be taken to the language or omission complained of").

Here, Appellant argues that the jury instructions were fundamentally erroneous insofar as they advised the jury that it could conclude both (1) that Appellant owned the gift cards because he received them as a kickback, and (2) that Appellant stole gift cards that were owned by the Borough. *See* Appellant's brief at 15. However, as Appellant acknowledged in his post-sentence motion, his "trial counsel failed to object to the [c]ourt's jury instruction and otherwise failed to address this error at trial[.]" Post-Sentence Motion, 9/13/21, at 15. *See also* N.T. Trial, 4/22/21, at 178 (Appellant's trial counsel responding in the negative when the trial court asked whether the parties had "any additions or corrections or requests as far as the jury instructions"). Therefore, the claim of error is waived.[3] *See Commonwealth*

---

[3] Appellant argued in his post-sentence motion that, if the trial court deemed the issue waived, "then counsel was ineffective in failing to object to the [c]ourt's instruction and/or in failing to raise the issue and facilitating the error in question." Post-Sentence Motion, 9/13/21, at 15. In this Court, he asserts that, because the trial court addressed the merits of the claim rather than considering the ineffectiveness claim pursuant to *Commonwealth v. Holmes*, 79 A.3d 562, 563 (Pa. 2013) (permitting review of claims of ineffective assistance of counsel on direct appeal in some circumstances), the claim is properly addressed on appeal. *See* Appellant's reply brief at 6. The fact that the trial court considered the issue after it had lost the ability to timely correct any perceived error does not entitle Appellant to appellate review of the claim. *See Commonwealth v. Matt*, 375 A.2d 777, 779 (Pa.Super. 1977) (holding challenge to jury instruction was waived where counsel initially indicated that it had no objections to the charge , but attempted to raise objections while the jury was deliberating). Appellant is
*(Footnote Continued Next Page)*

*v. Hamilton*, 329 A.2d 212, 213 (Pa. 1974) (holding that even "basic and fundamental" error in a jury charge cannot serve as a basis for appellate relief "where no exception or only a general exception was taken to the charge, or on a ground not raised in or by the court below"); *Commonwealth v. Messersmith*, 860 A.2d 1078, 1087 (Pa.Super. 2004) (same).

Appellant next asserts that the trial court abused its discretion in holding that the jury's verdict was not against the weight of the evidence. The following law applies to our review of Appellant's weight claim:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Arias*, 286 A.3d 341, 352 (Pa.Super. 2022) (cleaned up). Consequently, our task is to determine whether the trial court, in rejecting Appellant's weight challenge, "abused its discretion by reaching a manifestly

_____

free to raise his claim of counsel's ineffectiveness in a timely petition pursuant to the Post Conviction Relied Act ("PCRA"). *See*, *e.g.*, *Commonwealth v. Wesley*, 860 A.2d 585, 590–91 (Pa.Super. 2004) (deferring claim that counsel was ineffective for failing to object to the jury instructions to collateral review).

unreasonable judgment, misapplying the law, or basing its decision on partiality, prejudice, bias, or ill-will." ***Commonwealth v. Clay***, 64 A.3d 1049, 1056 (Pa. 2013) (cleaned up).

Appellant's weight claim rests upon the same foundation as his waived challenge to the jury instructions, namely that he could not have both personally accepted the gift cards as an improper influence upon his purchasing power as Borough Manager and also have stolen them from the Borough. ***See*** Appellant's brief at 25. He maintains that reaching the conclusion that the Borough was the rightful owner of the gift cards and that they were paid to Appellant as a kickback was a result "premised upon necessarily irreconcilable and erroneous findings of law and fact[.]" ***Id***. at 30. Appellant argues it was therefore manifestly unreasonable for the trial court to deny his weight claim and grant him a new trial. ***Id***. at 30-31.

In Pennsylvania, jury verdicts are presumed to be consistent "unless there is no reasonable theory to support the jury's verdict." ***McDermott v. Biddle***, 674 A.2d 665, 667 (Pa. 1996). Nonetheless, "even where two verdicts are logically inconsistent, such inconsistency alone cannot be grounds for a new trial or for reversal." ***Commonwealth v. Miller***, 35 A.3d 1206, 1213 (Pa. 2012). "[C]onsistency in a verdict in a criminal case is not necessary or required if there is evidence to support each verdict." ***Commonwealth v. Barkman***, 295 A.3d 721 (Pa.Super. 2023).

Appellant does not assert that the evidence was insufficient to sustain each verdict. Instead, he contends that the result is not supported by any reasonable theory. We consider Appellant's argument mindful of the elements of the crimes of which he was convicted. The provisions of the Public Official and Employee Ethic Act at issue are as follows:

> **(a) Conflict of interest.--**No public official or public employee shall engage in conduct that constitutes a conflict of interest.
>
>    . . . .
>
> **(c) Accepting improper influence.--**No public official, public employee or nominee or candidate for public office shall solicit or accept anything of monetary value, including a gift, loan, political contribution, reward or promise of future employment, based on any understanding of that public official, public employee or nominee that the vote, official action or judgment of the public official or public employee or nominee or candidate for public office would be influenced thereby.

65 Pa.C.S. § 1103. Appellant's commercial bribery conviction was based upon the following statute:

> An employee, agent or fiduciary commits a misdemeanor of the second degree when, without the consent of his employer or principal, he solicits, accepts, or agrees to accept any benefit from another person upon agreement or understanding that such benefit will influence his conduct in relation to the affairs of his employer or principal.

18 Pa.C.S. § 4108(a). Finally, a person is guilty of theft by unlawful taking "if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S. § 3921(a).

The Commonwealth has proffered a theory to support the jury's guilty verdicts as to all four of these crimes as consistent. Specifically, it contends

that Appellant's position "goes astray in his concept of ownership[.]" Commonwealth's brief at 4. The Commonwealth explains:

> The fact that the gift cards were in Appellant's name did not establish ownership in him. It is incontestable that he had no right to them – he did not pay for them, and they resulted solely from purchases made in his official capacity; he converted them to his use. He was not the owner, the Borough was. Pennsylvania State Police Trooper [Trisha] Campbell succinctly testified to her rationale behind the theft charge: "I considered the gift cards Borough property, as the reason that Appellant got the cards were purchases used from Borough funds. So, any cards coming back would be the property of the [B]orough, not property of Appellant."

*Id*. (cleaned up).

This theory is eminently reasonable. It was not in any way inconsistent or irreconcilable for the jury to find that (1) the Borough owned the gift cards that Appellant unlawfully exercised control over by virtue of the Borough paying for the companies' supplies, and (2) Appellant was influenced to do business with the companies in question because they would send the Borough's gift cards to him directly, enabling him to personally reap the benefit.

Moreover, even if there were an inconsistency, it is not of the type that Pennsylvania law will not tolerate. *Compare Commonwealth v. Magliocco*, 883 A.2d 479 (Pa. 2005) (holding conviction could not stand where the jury acquitted the defendant of a predicate offense that was an element of the crime); *with Commonwealth v. Rose*, 960 A.2d 149, 159 (Pa.Super. 2008) (holding no relief was warranted although the verdicts were premised upon

findings that the defendant both did and did not have a particular intent). Therefore, the trial court's conclusion that the any inconsistency in the jury's findings did not warrant disturbing the verdicts was not manifestly unreasonable or the product of legal error.

Finally, Appellant avers that the trial court erred in rejecting his claim that the Commonwealth committed a violation of **Brady v. Maryland**, 397 U.S. 742 (1969). "This issue presents a question of law, for which our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Bagnall**, 235 A.3d 1075, 1084 (Pa. 2020). A **Brady** claim has three elements: "(1) the evidence at issue was favorable to the accused, either because it is exculpatory or because it impeaches; (2) the prosecution has suppressed the evidence, either willfully or inadvertently; and (3) the evidence was material, meaning that prejudice must have ensued." **Id**. at 1086. The burden of proof to establish all three prongs of the **Brady** claim rests upon the defendant. **Commonwealth v. Murray**, 174 A.3d 1147, 1152 (Pa.Super. 2017). Concerning the second prong, "[t]he obligation to turn over exculpatory evidence is limited to that information in the possession of the same government agency bringing the prosecution." **Commonwealth v. Puksar**, 951 A.2d 267, 283 (Pa. 2008). "[N]o **Brady** violation occurs where the parties had equal access to the information or if the defendant knew or could have uncovered such evidence with reasonable diligence." **Bagnall**, **supra** at 1091.

The evidence in question in the instant case was obtained through a post-trial investigation which was undertaken by Appellant through his new attorney. Appellant asserted in his post-sentence motion that the newly-obtained information showed that the Florida companies which had sent Appellant the gift cards were "scam companies engaged in exploitative business practices," such as sending invoices for products that were not ordered and not delivered. **See** Post-Sentence Motion, 9/13/21, at 27-29. Appellant utilized this information to assert an after-discovered evidence claim, as well as a claim that trial counsel was ineffective in failing to conduct such an investigation. Appellant asserted:

> Had counsel engaged in a basic investigation of the companies or hired an investigator on his client's behalf with the capacity to do so – as any competent attorney would have done – he would have confirmed that they were, in fact, corrupt enterprises engaged in the type of manipulative sales practices [Appellant] fell prey to.

**Id**. at 28. Since the evidence was so readily found when a basic investigation was conducted, Appellant posited that Trooper Campbell surely would have obtained it herself if she had performed an internet search of the companies as she testified at trial to having done. **See** N.T. Trial, 4/22/21, at 84.

However, in his post-sentence motion, Appellant tacitly admitted that he had no proof that a **Brady** violation occurred. **See** Post-Sentence Motion, 9/13/21, at 34 ("At this stage, [Appellant] is without sufficient information to fully address whether a **Brady** violation may have occurred."). Rather,

Appellant requested permission "to explore the issue at an evidentiary hearing[.]" *Id*.

The above makes it plain that Appellant failed to even allege facts to warrant a hearing on his *Brady* claim. Not only did he admittedly lack evidence that the Commonwealth suppressed evidence that it had within its possession, but his ineffectiveness argument served to establish that Appellant had equal access to the information and would have discovered it with reasonable diligence.[4] Therefore, the trial court properly denied his *Brady* claim.

In sum, no issue properly before us in this appeal establishes that Appellant's convictions and sentence are unsound. If Appellant is entitled to relief based upon the alleged ineffectiveness of his trial counsel, that relief will come through the PCRA.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/11/2023

---

[4] Indeed, Appellant's obvious ability to have discovered the evidence upon the exercise of due diligence was the basis for the trial court's denial of his after-discovered evidence claim. *See* Trial Court Opinion, 2/3/22, at unnumbered 8. Appellant did not challenge that ruling on appeal.